OZBORN, by next friend, *v.* H. G. & F. M. WOOLWORTH.

An action for slander does not, in this State, lie against a partnership.

Argued December 15, 1898. — Decided February 10, 1899.

Action for slander. Before Judge Reid. City court of Atlanta. June 4, 1898.

*P. F. Smith* and *R. R. Shropshire*, for plaintiff.
*Frazer & Hynds*, for defendants.

LUMPKIN, P. J. This case presents the single question whether or not an action for slander will lie against a partner-

ship.  The trial judge held, as we think correctly, that such
an action was not maintainable.  Whatever may be the law
in other jurisdictions, we are quite certain that under our code
there can be no action against a partnership for slanderous
words uttered by one of its members.  Slander is essentially a
tort, the principal ingredient of which is malice.  " Partners are
not responsible for torts committed by a copartner."  Civil
Code, § 2658.  There is authority for the proposition that a
corporation may be held liable for the publication of a libel;
but it can not be held responsible for a slander perpetrated by
an agent, unless it be affirmatively shown that the corporation,
as such, expressly directed the agent to speak the identical
words used by him.  See *Behre* v. *National Cash Register Co.*,
100 *Ga.* 213, and authorities cited.  In speaking slanderous
words, each member of a partnership acts for himself alone and
upon his own responsibility.  In view of the above-cited sec-
tion of our code, he can in no sense be regarded as the " agent"
of his copartners to utter a slander.  The provision therein
that "for the negligence or torts of their agents or servants,
[partners] are responsible under the like rules with individ-
uals," immediately following the language above quoted from
this section, was manifestly intended to apply to "agents or
servants" who are not members of the partnership, and not to
the partners themselves.  The petition in the present case con-
tained an allegation that the partnership, as such, was liable
because, after the speaking of the slanderous words complained
of, the members of the firm had ratified the same.  In reply
to this, we have to say that while a partnership may ratify an
act done by an agent in its behalf and for its benefit without
previous authority having been given for the doing of the act,
it must be one such as the partnership could in the first in-
stance have authorized the agent to do, for a principal can not
ratify that which he had no power to authorize.  See, in this
connection, *Harrison* v. *McHenry*, 9 *Ga.* 164, 170.  Since the
code expressly declares that a partnership is not liable for the
torts of its members, the mere fact that all the partners ap-
proved of a tort committed by one of their number can not make
the partnership liable for such tort upon the idea of ratification.

Hence, the allegation in the plaintiff's petition last referred to was not sufficient to give the plaintiff a standing in court, as its effect is simply to assert as a fact a legal impossibility.

The questions dealt with in this case were not involved in that of *Gilbert* v. *Crystal Fountain Lodge*, 80 *Ga.* 284; and though Chief Justice Bleckley, in delivering the opinion of the court, observed that "On principle, we can think of no reason why a partnership might not slander a third person through agents or members authorized and empowered to defame orally, or by adoption and ratification after defamation by slanderous words," it is evident that his attention was not in that connection directed to our peculiar code provisions above stated. Certain it is that the court did not undertake to then pass definitely upon the question. It may be true that, "on principle," a given proposition should be regarded as sound law; yet, it can not be allowed to control if in conflict with a plain provision of a statute. *Judgment affirmed. All the Justices concurring.*