## MARTIN *v.* SIMKINS & COMPANY.

Where a member of a partnership has a person arrested and illegally imprisoned on a charge of larceny of partnership effects, and the person so arrested sues the partnership for false imprisonment, the partnership, under the Civil Code, § 2658, is not liable for these acts of the individual partner.

Submitted May 1, — Decided August 8, 1902.

Action for false imprisonment. Before Judge Norwood. City court of Savannah. January 13, 1902.

*A. P. Wright* and *O'Connor, O'Byrne & Hartridge,* for plaintiff. *Osborne & Lawrence* and *John S. Schley,* for defendants.

SIMMONS, C. J. An action for false imprisonment was brought by Martin against Eldred Simkins & Co., a partnership. The petition alleged that the partnership, acting by and through Simkins, one of the partners, had directed the chief of police of the city of Savannah to telegraph the chief of police of the city of Cordele to have plaintiff arrested on a charge of larceny; that he was arrested by the officer at Cordele and imprisoned, but was subsequently discharged. The petition prayed the recovery of a money judgment against the partnership. The petition was demurred to upon several grounds, among them one to the effect that a partnership is not liable for the torts of one of its members. The trial judge sustained the demurrer, and the plaintiff excepted. The question is thus clearly made as to whether a partnership can be held liable for the torts of one of the partners. This question has given rise to numerous decisions in this country and in England. Some courts have held that the partnership is not liable for the wilful torts of

one of the partners, and others that the partnership is liable when such tort is within the scope of the partnership business. After a careful investigation of the text-books and decisions, we find that the great trend of modern authority is to make the partnership liable for all torts of its members which are within the scope of the partnership business. But whatever may be the law in other jurisdictions, the question has been settled in this State by the Civil Code, § 2658. That section is as follows: "Partners are not responsible for torts committed by a copartner. For the negligence or torts of their agent or servant they are responsible under the like rules with individuals." This is an act of the General Assembly, and is binding upon the courts of this State, whatever the law may be elsewhere. It has been the law in this State since the adoption of the first code, in 1863, and has been in each subsequent code. It has never been altered or amended. The General Assembly seems to have been satisfied for nearly forty years with the law thus declared.

So far as we are advised, this court had never directly passed upon this section until the case of *Ozborn* v. *Woolworth*, 106 *Ga.* 459. In that case it was held that under this section of the code a partnership was not liable for a slander uttered by one of its members. The decision is based entirely upon this section of the code. Mr. Presiding Justice Lumpkin, in discussing the meaning of the section, said that it applied to the partnership as well as to the partners, which is an answer to one of the contentions of the plaintiff in error in the present case, that the section should be construed as exempting from liability, not the partnership, but the individual partners. It was also argued that the section might be construed as Warner, C. J., intimated in *Alexander* v. *State*, 56 *Ga.* 491. In that case the Chief Justice, in replying to an argument of counsel, said: "One copartner is not responsible and liable to be punished on the criminal side of the court for the *torts* or crimes of his copartner, unless he has participated therein, and that is the true intent and meaning of the provisions of the code." In that case this question was not involved or decided. The State of Georgia brought an action against a partnership for the fraud of one of its members. The fraud consisted in the member's presenting bills in the name of the partnership for articles which had never been delivered to the State's railroad or which, if delivered,

had already been paid for; and the question was whether Alexander, the innocent partner, was liable for the fraud of his copartner. The Civil Code, § 2657, declares in express terms that partners are responsible to third persons for damages arising from the fraud of one partner in matters relating to the partnership business; and it was this section that was under consideration, and not section 2658. That the construction suggested could not be the true one is evident when we consider the whole section. If the first part of it refers to criminal responsibility, the latter part does so as well. If its meaning is that partners are not criminally responsible for the torts of a copartner, then it also means that for the negligence or torts of their agents or servants they are criminally responsible.

Great reliance was placed by counsel for the plaintiff in error upon *Page* v. *Banking Co.*, 111 *Ga.* 73, and numerous extracts were made in the brief from the reasoning of Mr. Justice Cobb in that case. We have read the opinion carefully, and find nothing in it to change our decision in the present case. In the first part of the opinion, before he gets to the real question in his case, Mr. Justice Cobb simply states the decisions in other jurisdictions as to the liability of a partnership for the torts of one of its members. As we have said above, the principle announced in these decisions is the law in other jurisdictions. This question was not in the *Page* case. The real question was whether the partnership was liable when all the members joined in the commission of the tort. It was held, and we think properly, that in such a case the partnership was liable. The opinion did not allude to the code section on which we predicate this decision. It was scarcely necessary to do so, as the section did not apply to the case. The code section applies to torts committed by one partner; in the *Page* case the tort was the joint act of all the partners. The epitome in the *Page* case of the law in other jurisdictions as to the torts of one partner, while correct, is not binding upon this court, when we have a statute directly to the contrary; nor do we suppose that the reasoning as to the law in other jurisdictions was intended to bind this court, but merely as an argument leading up to the real question which was decided. One interested in this question generally will find a valuable note to the *Page* case in 51 L. R. A. 463.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*