#### 3881.　CORBETT & TAYLOR *v.* CONNOR.

1. "Partners are not responsible for torts committed by a copartner." If, however, all the partners join in the commission of a tort within the scope of the partnership business, the partnership, as well as the individual members of the firm, might be liable.
2. Where a suit is brought against a partnership as master, to recover damages for the homicide of a servant, alleged to have been caused by the negligent conduct of a copartner, and the case is tried only upon the theory that the partnership is responsible as master for the tort committed by the copartner, and the evidence is not sufficient to show that the partnership is liable, the judgment against the firm will be reversed; and although the allegations of the petition are sufficient to show that the individual partner may be personally responsible for his individual act of negligence alleged to have caused the homicide, yet, it appearing that the case was tried solely on the theory that the partnership was liable, and the liability of the members of the firm was only incident to their relationship to the partnership, and the individual liability of the members was not otherwise considered or submitted as an issue, the judgment as to them will also be reversed.　The liability of the individual member whose personal act is alleged to have caused the homicide should be tried under rules of law applicable to him as

an individual, entirely disconnected from any liability arising against him by reason of his relationship to the firm.

DECIDED JULY 31, 1912.

Action for damages; from city court of Moultrie—Judge McKenzie. October 21, 1911.

W. F. Way, J. A. Wilkes, Colquitt & Conyers, Battle & Hollis, for plaintiffs in error.

J. T. Hill, J. W. Dennard, W. A. Covington, Little & Powell, contra.

HILL, C. J. 1. Mary E. Connor obtained a verdict and judgment against Corbett & Taylor, a partnership, and R. J. Corbett and G. F. Taylor, members of the partnership, for the negligent homicide of her husband. The defendants excepted to the overruling of a general demurrer to the petition, and the refusal of their motion for a new trial. The material facts, briefly stated, are as follows: Corbett & Taylor were engaged in the sawmill and timber business, and in connection with this business operated locomotives and cars on and over the tracks of the Flint River & Northeastern Railroad, by permission of the railroad company. The deceased husband of the plaintiff was employed by the firm of Corbett & Taylor as a locomotive engineer. On the day of his death he was operating a locomotive and two cars, and G. F. Taylor, a member of the firm of Corbett & Taylor, was riding with him on the locomotive. The deceased engineer was suffering from a scalded foot, and, a short time before the accident, he asked Taylor to take charge of the engine for him and run it while he took off his shoe and allowed his scalded foot to cool. Taylor did so, and Connor took off his shoe and sat down on the gangway between the tender and the engine. When the locomotive was approaching a trestle Connor, from his seat, called Taylor's attention to the fact that the trestle was on fire. Taylor replied that there was no danger, and that they would run across the trestle and stop and put out the fire. Connor said nothing more, and Taylor attempted to run across the burning trestle. The heat of the fire caused the rails to "buck," and the engine ran off the track several feet beyond the trestle, and turned over on Connor, inflicting serious injuries, from which he died. The plaintiff charges that Taylor was negligent and reckless in attempting to cross the burning trestle; that he could and should have stopped the engine before reaching the trestle.

Taylor denied the allegations of negligence, claiming that he was very near the trestle when the fire was discovered, and that he was unable to stop the engine before reaching the trestle. The defendants contended that Connor was guilty of contributory negligence, in sitting in a dangerous place at the time of the casualty; that he assumed the risk of danger in crossing the trestle, and that the firm of Corbett & Taylor was in no event liable, as the act of Taylor was a personal act, not for the firm or within the scope of its business; that Taylor, in running the engine, was voluntarily performing an act solely for the benefit and at the request of the deceased engineer; that this voluntary act was entirely outside of any duty which the firm owed Connor, was unknown, unauthorized, and unratified by the firm of Corbett & Taylor, and was entirely a personal matter between Connor and Taylor, for which, if there was any liability, Taylor was alone liable.

The view we take of the legal questions raised by the record as to the liability of the firm of Corbett & Taylor renders unnecessary any decision of the other features of the case. Conceding that the homicide was caused by Taylor's negligence, is the copartnership of Corbett & Taylor liable? "Partners are not responsible for torts committed by a copartner. For the negligence or torts of their agents or servants they are responsible under the like rules with individuals." Civil Code (1910), § 3187. The second paragraph of the section has no direct application to the question now under consideration, as this part of the section manifestly refers to "agents or servants" who are not members of the partnership, and not to the partners themselves. *Ozborn* v. *Woolworth,* 106 *Ga.* 460 (32 S. E. 581). The first part of the section, which applies to torts of the partners themselves, explicitly declares that "partners are not responsible for torts committed by a copartner." The words used are exclusive; they neither express nor imply an exception. The language is a statutory declaration that any tort committed by one partner is beyond the scope of the partnership business and does not bind the partnership. In some other jurisdictions partnerships are held liable for the acts of a partner in the commission of a tort, but the statute of this State does not even make the exception that the partnership would be liable if the tort of the partner was committed within the scope of the partnership business. "Some courts have held that the partnership is not liable for the wilful torts of

one of the partners, and others that the partnership is liable when such a tort is within the scope of the partnership business. After a careful investigation of the text-books and decisions, we find that the great trend of modern authority is to make the partnership liable for all torts of its members which are within the scope of the partnership business. *But whatever may be the law in other jurisdictions, the question has been settled in this State by the Civil Code,* § 2658 [now § 3187] . . This is an act of the General Assembly and is binding upon the courts of this State, whatever the law may be elsewhere." *Martin* v. *Simpkins,* 116 *Ga.* 256 (42 S. E. 483). We do not think that the Supreme Court has attempted by judicial construction to ingraft any exception upon the plain language of the statute, or has made any decision in conflict with the clear and emphatic utterance of Mr. Chief Justice Simmons in *Martin* v. *Simpkins,* supra. There are several decisions to the effect that the partnership would be liable "when all the members joined in the commission of the tort." In *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144), "the tort was the joint act of *all* the partners." See explanation of the *Page* case by Mr. Chief Justice Simmons in the *Martin* case, supra (p. 256). In *Alexander* v. *State,* 56 *Ga.* 491, it was held that "one copartner is not responsible and liable . . for the torts . . of his copartner, unless he has participated therein." And in *Ozborn* v. *Woolworth,* supra, referring to the section of the code now considered, it is said: "Since the code expressly declares that a partnership is not liable for the torts of its members, the mere fact that all the partners approved of a tort committed by one of their number can not make the partnership liable for that tort upon the idea of ratification." It would be profitless to extend the discussion. If the act of Taylor complained of constituted actionable negligence (which is not now determined), it was his personal tort, not within the legitimate scope of the partnership business, not an act "that he might be expected to do in the scope of his duty to the firm." His partner Corbett did not participate therein, and, under the statute quoted and the decisions of the Supreme Court cited, the verdict and judgment against the firm of Corbett & Taylor were unauthorized.

2. Learned counsel who represented the defendant in error in

this court suggested that if the conclusion should be reached that the firm of Corbett & Taylor is not liable, and that the individual, G. F. Taylor, is liable, the ends of justice would be reached by moulding the judgment in conformity to the law and the facts; that the judgment as to Corbett & Taylor should be reversed, and direction given that the suit as to the firm and as to Corbett individually be dismissed, and the judgment against Taylor individually be affirmed. In support of this proposition it is insisted that the suit was not only against the firm, but also against R. J. Corbett and G. F. Taylor as individuals; that process was issued against Taylor and served on him as an individual, and that the judgment was also against him individually. It is not clear that we have the right to do this. In *Campbell* v. *Bowen,* 49 *Ga.* 418, it is held that in a suit against partners the verdict should be against both, and not one alone. See, also, *Hawes* v. *Patterson,* 76 *Ga.* 689. In *Brownlee* v. *Abbott,* 108 *Ga.* 761 (33 S. E. 44), an action ex delicto against three defendants, with a verdict against all, it was ruled that, there being no evidence to support the verdict as to one of them, a new trial should have been granted.

The case of *Austin* v. *Appling,* 88 *Ga.* 54 (13 S. E. 955), was relied on as authority for the position that this court can reverse as to Corbett & Taylor and affirm as to Taylor. The cases are distinguishable on the facts. In that case Appling sued three persons as "a partnership doing business under the name of the Fulton Lumber & Manufacturing Company," for damages alleged to have been sustained by him in their service, arising out of the unsafe character of the place in which he was put to work. The gravamen of the suit was the failure to perform a non-delegable duty of master to servant. The evidence proved that the Fulton Lumber & Manufacturing Company was derelict in the performance of the alleged duty, and it also showed that one man composed the Fulton Lumber & Manufacturing Company. The verdict was not only against the manufacturing company, but also against the three men as composing the firm. It was ruled that the verdict could be set aside as to the two men who the evidence showed were not members of the firm, and allowed to stand against the firm as master and against the one defendant who was the sole proprietor of the business. Here suit is brought by a servant against the master, and, under the evidence and the law applicable thereto, the

servant is not authorized to recover against the master, and we are asked to reverse the judgment against the master, but allow it to stand against a third person, and against this third person as an individual not bearing any relation as master to the servant.

Under the allegations and the evidence, what duty did Taylor as an individual owe to Connor? It is alleged and proved that Connor was the servant of the firm of Corbett & Taylor, and that the firm was responsible for the negligence of Taylor as a member of the firm, not as an individual. In the suit he was found liable individually, because of his relationship to the firm, and because of personal service on him as a member of the firm. This court is for the correction of errors. It has no original jurisdiction. Taylor's liability as an individual was never presented to the court or ruled on by the court, or passed on by the jury, disconnected from his liability as a member of the firm. The pleadings in the case show that it was treated as a case against the firm, the liability of the members resulting from that relationship alone. The trial judge tried the case as one exclusively against the firm of Corbett & Taylor as the master of the deceased servant. In the beginning of the charge he states the case thus: "Gentlemen of the jury, this is a civil case in which Mrs. Mary E. Connor, who is the plaintiff in the case, brings suit against the *partnership* of Corbett & Taylor, who is the *defendant* in the case. The plaintiff in the case is suing the *defendant* for damages, or for the value of her husband, claiming that the death of her husband was caused by the negligent conduct of the *defendant partnership*. The *defendant* denies that *it* was negligent in the manner alleged and claimed." Nowhere in the charge was any suggestion made as to the individual liability of Taylor, but the instructions were confined to the question of the firm's liability. In the conclusion of the charge the judge says: "If you see fit to render a verdict in favor of the plaintiff, the form of your verdict will be, 'We, the jury, find for the plaintiff so many dollars.' If you find, under these instructions, in favor of the *defendant,* the form of your verdict will be, 'We, the jury, find for the defendant.'" The verdict was, "We, the jury, find for the plaintiff $5,500." On this verdict a judgment, it is true, was rendered not only against the firm as the defendant, but also against R. J. Corbett and G. F. Taylor; but this judgment was based solely on the fact of the partnership re-

lation and personal service. It seems to us that it would not be just to hold Taylor individually liable when the entire record shows that the question of his individual liability was never considered by the trial court, and when it is raised for the first time in this court. The case as to him should be tried and determined under rules of law relating to his individual liability for his personal tort, and entirely free from any extraneous circumstance that might influence the jury against him.

We reverse the judgment of the court below because the court erred in not dismissing on demurrer the action as against Corbett and Taylor as a partnership and Corbett individually; and a new trial is granted as to the remaining defendant, Taylor, individually.

*Judgment reversed.*