### 5112.   BATTLE et al. v. PENNINGTON et al.

A partnership will not be held liable for a tort committed by one of the partners, in which the other partners did not join.

DECIDED NOVEMBER 25, 1913.   REHEARING DENIED DECEMBER 9, 1913.

Action for damages; from city court of Albany—Judge Clayton Jones.   March 13, 1913.

*Peacock & Gardner, R. J. Bacon, R. H. Ferrell; Pope & Bennet,* for plaintiffs.

*I. J. Hofmayer, Little, Powell, Hooper & Goldstein,* for defendants.

ROAN, J.  G. R. & J. J. Battle, a firm composed of G. R. Battle
and J. J. Battle, brought suit against E. A. Pennington, J. A.
Johnson, and H. W. Johnson, alleging that the defendants, through
the said Pennington, were in charge of and operating a certain
engine and boiler and well-digging machine on the premises of J. J.
Battle, and that by reason of the negligent operation of the engine
and boiler live sparks were emitted therefrom, which fell upon and
ignited a barn of the plaintiffs, thereby endamaging them in a
manner alleged.  In the first count of the petition it is alleged that
the three defendants were joint tort-feasors, because all partici-
pated in the acts of negligence set out which resulted in the alleged
damage.  In the second count it is alleged that the three defendants
were joint tort-feasors, because the two Johnsons were the owners of
the machinery, and had been employed by J. J. Battle to dig the
well that they were then digging, and that they had placed the
machine in the custody of Pennington for the purpose of boring the
well, and that this machine was actually operated by Pennington.
It is manifest that they intended by this count to charge that the
relation between the two Johnsons and Pennington was that of
master and servant.  In the third count the relationship between
the defendants is alleged as follows: that the Johnsons were the
owners of the machinery, and that they had delivered it into the
custody of Pennington for him to operate on a contract, for which
Pennington was to have as his compensation a certain per cent. of
the net profits only, he not to share in the losses.  This, in effect,
alleges the same relationship between the Johnsons and Pennington
as that alleged in the second count,—that of master and servant.
In the fourth count it is alleged that the defendants were partners,
and that the machinery by which the sparks were emitted, and from
which it was claimed the fire started, was being operated by Pen-
nington.  The undisputed evidence on the trial of the case shows
that the two Johnsons and Pennington were partners in this busi-
ness.  The court on motion struck the fourth count, on the idea, no
doubt, that a partnership was not bound for the torts of one of its
members, and then granted a nonsuit in favor of the two Johnsons,
after the evidence had shown that they did not participate in the
alleged tort resulting in the damage sued for; whereupon a nonsuit
was granted as to the remaining defendant, Pennington.

The controlling question in this case is, did the court err in

striking the fourth count, and in granting a nonsuit in favor of the two Johnsons? It seems to us that this question is governed by a plain and unambiguous section of the code. Section 3187 of the Civil Code is in this language: "Partners are not responsible for torts committed by a copartner. For the negligence or torts of their agents or servant they are responsible under the like rules with individuals." This section was interpreted in the case of *Corbett* v. *Connor,* 11 *Ga. App.* 385, wherein the court says: "The second paragraph of the section has no direct application to the question now under consideration, as this part of the section manifestly refers to 'agents or servants' who are not members of the partnership, and not to the partners themselves. *Ozborn* v. *Woolworth,* 106 *Ga.* 460 (32 S. E. 581). The first part of the section, which applies to torts of the partners themselves, explicitly declares that 'partners are not responsible for torts committed by a copartner.' The words used are exclusive; they neither express nor imply an exception. The language is a statutory declaration that any tort committed by one partner is beyond the scope of the partnership business and does not bind the partnership. In some other jurisdictions partnerships are held liable for the acts of a partner in the commission of a tort, but the statute of this State does not even make the exception that the partnership would be liable if the tort of the partner was committed within the scope of the partnership business. 'Some courts have held that the partnership is not liable for the wilful torts of one of the partners, and others that the partnership is liable when such a tort is within the scope of the partnership business. After a careful investigation of the text-books and decisions, we find that the great trend of modern authority is to make the partnership liable for all torts of its members which are within the scope of the partnership business. But whatever may be the law in other jurisdictions, the question has been settled in this State by the Civil Code' [§ 3187]. . . There are several decisions to the effect that the partnership would be liable 'when all the members joined in the commission of the tort.' . . In *Ozborn* v. *Woolworth,* supra, referring to the section of the code now considered, it is said: 'Since the code expressly declares that a partnership is not liable for the torts of its members, the mere fact that all the partners approved of a tort committed by one of their number can not make the partnership liable for that tort upon the idea of ratification.' "

Counsel for the plaintiffs insists in his argument that the word "tort," as used in this section, does not include negligence, that the word "negligence" is used in contrast to the word "tort," and that the latter word refers to invasions of another's rights, such as trespass, including batteries and the forcible possession of chattels, injuries to reputation, etc.; but this court, in *Corbett* v. *Connor,* supra, held contrary to this insistence. In that case Mrs. Connor attempted to hold the partnership liable for an alleged negligent act of Dr. Taylor, one of the partners, committed by him while running one of the locomotives operated by the partnership in the regular course of the partnership business; that is to say, Dr. Taylor was in charge of one of the company's engines, he having charge of it to relieve the plaintiff's husband, who had been scalded; and the homicide of her husband occurred by reason of the negligent manner in which Dr. Taylor operated the engine. So it seems that the identical point which counsel for defendant in error stresses before this court was decided adversely to him in the case cited, which also controls the other points raised by the plaintiff.

We therefore find no error in the striking of the fourth count of the amended declaration, which set up a partnership. Even if it had been sustained by evidence, it would not have authorized a recovery against the partnership; and as the undisputed evidence on the controlling question showed it to be a partnership between the Johnsons and Pennington, the granting of a nonsuit in favor of the two Johnsons was not error.                *Judgment affirmed.*

ON MOTION FOR REHEARING.

The plaintiffs in error contend that the court overlooked and failed to decide one of their main contentions, to the effect that even though the defendants were partners, yet, under the allegations in the 4th count of the petition, the two Johnsons were liable as individuals for furnishing the defective machinery, on account of the use of which the plaintiffs' property was damaged. In the opinion already filed it was held, following the ruling of this court in the case cited, that the two Johnsons could not be held liable for a tort of their copartner, Pennington, in which they did not participate. The whole theory of the 4th count of the petition is that the damage to the plaintiffs' property was occasioned by two things: (1) the defective condition of the machinery, and (2) the negligent operation of the machinery by Pennington. It is not claimed that

either of the Johnsons had anything to do with the management or placing of the machinery. It is sought to hold them liable solely on the ground that they knowingly furnished defective machinery to Pennington, their copartner. Since the plaintiffs would not have been damaged had it not been for the negligence of Pennington, and since the Johnsons can not be held liable for his negligence, it must be apparent that no cause of action against the Johnsons is set forth in count 4. As has already been pointed out, it has been distinctly held by the Supreme Court that a partner is not such an agent of his copartners as to render them liable for the consequences of his negligence when they themselves did not in any way participate in the negligent act. It is alleged in the 4th count that the Johnsons furnished defective machinery, and therein were negligent, but it plainly appears, from what follows, that this negligence would not have caused the injury but for the subsequent negligent act of their partner, Pennington.

For these reasons the motion for rehearing is denied.