## 12661. ZAKAS BAKERY *v.* LIPES.

1. The allegations of the petition charge negligence by a partnership in failing to exercise the care imposed by law upon masters for the protection of their servants and sufficiently set forth a cause of action.

2. The rules of law applicable to the relationship of master and servant where there is a failure on the part of the master to perform the non-delegable, absolute duty to safeguard the servant apply with the same force, effect, and extent to partnerships as to individuals and to corporations. The law of this State gives no protection or immunity to partnerships for their negligent acts, either as legal entities or as individual partners, if such acts are clearly for the partnership benefit and in furtherance of the partnership business.

DECIDED NOVEMBER 18, 1921.

Action for damages; from Fulton superior court — Judge Pendleton. June 13, 1921.

*McCallum & Sims,* for plaintiff in error.

*J. A. Miller, Branch & Howard,* contra.

HILL, J. This is an action against a partnership for personal injuries sustained by an employee. Two questions are made on general demurrer. It is insisted (1) that partnerships are not responsible for torts committed by a partnership, under the Civil Code (1910), § 3187; and (2) that if there is such a liability, the allegations of the petition are not sufficient to set forth a cause of action.

1. The second question will be considered first. The suit is against a partnership to recover damages for an injury received by the plaintiff while he was working as an employee in a bakery operated by the partnership. It is alleged, that the defendant partnership, in the operation of the bakery, used a machine

known as a molding machine, run by electric power; that this machine had a set of cog-wheels, at the end of which, between the machine and the wall, where the machine sat close to the wall, and right back of the machine, and on the wall, and in close proximity to the cog-wheels, was an electric switch, which had to be used in turning the electric power on and off. The cog-wheels were ordinarily covered by a guard to protect the employee, who might be called upon to use the electric switch in the performance of his work, from being injured by exposed cog-wheels. On the day of the injury the plaintiff, in the performance of his duties as an employee of the defendant, attempted to reach around the machine to use the electric switch to cut off the electric power, and in doing so his hand came in contact with the cogs and was very severely injured. The guard which was supposed to cover the cogs had been broken and was off at the time, and the cogs were exposed. It is alleged that this fact was known by the defendants, but that the plaintiff did not know of it and was given no warning of the defective condition. Under the allegations of the petition, which the demurrer admits to be true, it appears that the plaintiff was in the performance of his duties and received the injury by reason of the dangerous condition of the machine, that this machine was defective in the manner described, and this defective condition was known to the master but was not known to the plaintiff; and he alleges that he had no opportunity of knowing of the defect. He further alleges that there was no duty of inspection upon him as an employee, but that the master, whose duty it was to inspect for the purpose of discovering the defect, by the exercise of ordinary diligence in making the inspection could have discovered the defective condition of the machine and remedied the defect or given the plaintiff notice of its condition. The plaintiff alleges that by the exercise of ordinary care he could not have discovered the defective condition of the machine and did not know of its condition.

Under the law of this State it is well settled that the master owes a duty to his servant of furnishing safe machinery and of keeping the machinery in safe condition, and that this is one of the absolute, non-delegable duties of the master, and that a failure to perform this duty is negligence which renders the mas-

ter liable for injuries to the servant caused by the failure of the master to perform this absolute, non-delegable duty, where the servant is free from any fault contributing to his injury. *Brown* v. *Rome Machine & Foundry Co., 5 Ga. App.* 142 (62 S. E. 720); *Moore* v. *Dublin Cotton Mills, 127 Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Cedartown Cotton Co.* v. *Miles, 2 Ga. App.* 79 (58 S. E. 289); Civil Code (1910), § 3130.

2. Is the defendant relieved from liability for negligence be- cause it is a partnership? It is earnestly contended by plaintiff in error that § 3187, supra, relieves a partnership from liability for its negligent torts. This section is in the following language: " Partners are not responsible for torts committed by a co- partner. For the negligence or torts of their agents or servant they are responsible under the like rules with individuals. " It is admitted that the second sentence of the code section has no application to the case at bar, because there is no claim that the plaintiff was injured through the negligence of an agent or servant of the partnership. It is insisted that the case falls within the limitations of the first sentence of the section, namely, that partners are not responsible for torts committed by a copartner. The section relied upon, in the opinion of the court, has no ap- plication to the negligent torts of a partnership. There is a wide difference between the torts of an individual partner and the negligent torts of a partnership as a legal entity. A part- nership is not liable for the tort of a partner unless the tort is committed for and in behalf of the partnership of which he is a member and in pursuance of the partnership business. In the cases relied upon, cited in the brief of counsel, the torts alleged to have been committed, for which the partnerships were held not liable for damages, were torts committed either by a fellow servant or by a copartner not in the performance of any duty as an agent of the partnership nor in the furtherance of the partnership business. But there is no decision of the courts of this State which holds that a partnership is immune from lia- bility for damage resulting from partnership negligence. If it were the law that a partnership could enter into a manufactur- ing or any other kind of business and employ servants therein, and, no matter how negligent it might be in failing to perform those duties which the law says every master must perform in

the exercise of ordinary care to protect his servants from injury, could escape liability merely because the business was being carried on by a partnership instead of by an individual or corporation, partnerships would be given a great advantage in the conduct of their business over individuals or corporations, and the business enterprises of this State would be carried on largely by partnerships and not by individuals and corporations. This court is of the opinion that the same rules of law which make individuals and corporations liable for negligence apply to partnerships, and that it was never contemplated by the legislature that the section of the code relied upon should be given such a broad and unlimited application as is contended for in the present case. This section, by its very terms, has no application to the negligence of a partnership and lays down no different rule of liability for partnership negligence than for individual or corporate negligence.

Chief Justice Bleckley, in *Drucker* v. *Wellhouse*, 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328), said: "Though a firm or partnership is not a person, it is a legal entity, and for some purposes is recognized as a quasi person having powers and functions exercisable by one of the partners severally or all of them jointly. . . . The law does take note, on a wide scale, of partnership as a legal entity, and regards it as a unit both of rights and obligations." A partnership in the conduct of its business is a legal entity both as to its rights and in the performance of its duties to the public and to its employees, and is a legal entity as to its obligations. Partners are, in respect to the business in which they are engaged, agents of each other, and therefore one partner might be liable for the tortious acts of another *done in the usual course of business of the firm*. But neither the members of a partnership nor the partnership itself is liable for the personal, individual tort of a member not done in the prosecution of the business of the firm but for his own individual and personal purpose. If the master is a member of a partnership by which the servant is employed, and the work in which he so takes part is within the scope of the common undertaking of the partnership, his partners are jointly liable with him for an injury caused by his negligence to the servant. If the act of negligence which causes the injury to the servant is the act of the partnership itself as a

legal entity, there can be no question but that the partnership is liable under the same rules of law as apply to individuals or corporations; and in such case this liability would extend to the individual members of the partnership. The cases cited by plaintiff in error in support of his contentions are cases in which the tort complained of· was an individual tort of the partner, where it was properly held that the partnership would not be liable for the tort of one of the partners in which the other partners did not join. *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144); *Martin* v. *Simpkins*, 116 *Ga.* 254 (42 S. E. 483); *Hendricks* v. *Middlebrooks Co.*, 118 *Ga.* 131 (44 S. E. 835); *Corbett* v. *Connor*, 11 *Ga. App.* 385 (75 S. E. 492); *Battle* v. *Pennington*, 14 *Ga. App.* 56 (80 S. E. 297). In the instant case the alleged negligence is the negligence of the partnership — the negligent failure on the part of the partnership to perform the absolute, nondelegable duties imposed by the law upon the master for the protection of the servant. And the law, reasonably construed, makes no difference in the rules of negligence applicable to the relationship of master and servant, whether the master be an entity such as a partnership or an individual or a corporation. The judgment of the trial court in overruling the general demurrer is affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*