### 15434. GOODRICH *v.* GOLDSTEIN *et al.*

A partnership is not liable for a tort of one of the partners in which his copartners did not join.

The court did not err in awarding the nonsuit complained of.

DECIDED JUNE 10, 1924.

Action for libel; from Baldwin superior court—Judge Park. January 16, 1924.

This is a suit by Baris Goodrich against A. Goldstein and C. Goldstein, of Baldwin county, Georgia, David Rothschild and Gerson Rothschild (doing business under the name of David Rothschild & Company), of Muscogee county, Georgia, and the Waxelbaum Company, a corporation of Bibb county, Georgia, to recover damages for an alleged libelous advertisement, inserted in the Union Recorder, a newspaper of Milledgeville, Georgia, by A. Goldstein. The petitioner alleges that all the above-named defendants were "joint owners of, jointly engaged in, and partners in the conduct of a dry-goods business, and doing business under the name of C. Goldstein, of Milledgeville, Georgia, said defendant A. Goldstein being the active manager of said store and business, having full and complete management and control of the buying and selling, placing the goods on the market and advertising the same, and is the duly constituted and authorized agent of the said other defendants in the advertisement by publications and writing of said business and the goods for sale in said store and business;" and that "the said defendants did falsely and maliciously compose or cause to be composed by their duly qualified and authorized agent, said A. Goldstein, and caused the same to be printed of and concerning plaintiff in his said business, in a newspaper known as the Union-Recorder, a gazette published at Milledgeville, Georgia, and other public places in the city of Milledgeville and county aforesaid, a false, scandalous, and malicious and defamatory matter," to wit: "Warning. One of our competitors had put out a sign 'Fall Opening Sale.' We there-

fore want to call the attention of Baldwin and surrounding counties that the above sign is nothing but misleading. Don't be misled if you want the right prices and right place come to Goldstein's Stand, Milledgeville, Ga. We have only one price. More goods for same money, same goods for less money."

Defendants David Rothschild and Gerson Rothschild, doing business in the name of Rothschild & Company, filed a sworn plea in which they denied the partnership as alleged, and also denied that they had participated or concurred in the alleged tort. The defendants A. Goldstein, C. Goldstein, and the Waxelbaum Company filed an answer in which they denied all the material allegations of the petition. On the issues thus formed the court granted a nonsuit as to all the defendants except A. Goldstein, and ordered the case to proceed as to him. To this judgment the plaintiff excepts.

*Sibley & Sibley,* for plaintiff.

*Jones, Park & Johnston, Allen & Pottle,* for defendants.

LUKE, J. (After stating the foregoing facts.) Conceding (but not deciding) that the advertisement inserted in the newspaper by A. Goldstein was libelous, and that the evidence adduced upon the trial sufficiently proved that this defendant and the other named defendants were partners as alleged, still we are of the opinion that the trial court's judgment was in accord with the law of this State, expressed in *Battle* v. *Pennington,* 14 *Ga. App.* 58 (80 S. E. 298), in which case it was said: "It seems to us that this question [whether or not a partnership is liable for a tort committed by one of the partners] is governed by a plain and unambiguous section of the code. Section 3187 of the Civil Code is in this language: 'Partners are not responsible for torts committed by a copartner. For the negligence or torts of their agents or servant they are responsible under the like rules with individuals.' This section was interpreted in the case of *Corbett* v. *Connor,* 11 *Ga. App.* 385, wherein the court says: 'The second paragraph of the section has no direct application to the question now under consideration, as this part of the section manifestly refers to "agents or servants" who are not members of the partnership, and not to the partners themselves. *Ozborn* v. *Woolworth,* 106 *Ga.* 460 (32 S. E. 581). The first part of the section, which applies to torts of the partners themselves, explicitly declares that

"partners are not responsible for torts committed by a copartner." The words used are exclusive; they neither express nor imply an exception. The language is a statutory declaration that any tort committed by one partner is beyond the scope of the partnership business and does not bind the partnership. In some other jurisdictions partnerships are held liable for the acts of a partner in the commission of a tort, but the statute of this State does not even make the exception that the partnership would be liable if the tort of the partner was committed within the scope of the partnership business. "Some courts have held that the partnership is not liable for the wilful torts of one of the partners, and others that the partnership is liable when such a tort is within the scope of the partnership business. After a careful investigation of the text-books and decisions, we find that the great trend of modern authority is to make the partnership liable for all torts of its members which are within the scope of the partnership business. But whatever may be the law in other jurisdictions, the question has been settled in this State by the Civil Code" [Code of 1910, § 3187]. . . There are several decisions to the effect that the partnership would be liable "when all the members joined in the commission of the tort." . . In *Ozborn* v. *Woolworth,* supra, referring to the section of the code now considered, it is said: "Since the code expressly declares that a partnership is not liable for the torts of its members, the mere fact that all the partners approved of a tort committed by one of their number cannot make the partnership liable for that tort upon the idea of ratification." ' "

    *Judgment affirmed. Broyles, C.·J., and Bloodworth, J., concur.*