15888, 15889.   RENDER & HAMMETT *et al. v.* HARTFORD FIRE INSURANCE CO.; and *vice versa.*

1. Where the law authorizes service of process upon a principal by service upon the agent, it is the agent's duty, when service is so made, to exercise diligence to notify his principal, and in default thereof the agent will be liable for such damage as the principal may sustain.
2. Where such agent is a partnership, the partnership may be served by service upon one of the partners, and such service upon the partnership is service upon the principal.
3. Where a summons of garnishment was directed to a nonresident insurance company having an agent and doing business in one of the counties in this State, the agent being a partnership, and it was recited in an entry of service by the officer that he had served the summons upon the company personally by serving a designated person, "agent in charge," and where the person so served was a member of the partnership, the entry was amendable so as to show that the service was upon the partnership as the agent in charge of the office or business of the company in the county or district at the time of the service, such being the facts; and the defects therein were curable by judgment.
4. Conceding (without deciding) that the plaintiff's petition, if construed as proceeding ex delicto, would not set forth a cause of action against

the partnership nor against one of the members thereof, it is the rule that in case of doubt as to whether an action is ex delicto or ex contractu a reviewing court, in dealing with an exception to a judgment sustaining a general demurrer to the petition, "should adopt that construction which will sustain the -petition, and reject that construction which will defeat it." *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (7) (122 S. E. 327).

(*a*) Thus, if it could be said that it is doubtful whether the present action is ex delicto or ex contractu, it being sustainable as an action ex contractu, it may and should be construed as one of that character if it could not be upheld as an action ex delicto.

(*b*) The law implies, as a part of the contract by which every agency arises, that the agent agrees to have and exercise towards his principal diligence, loyalty, and absolute good faith; and where the agent is a partnership, the partnership and all its members may be held liable for a violation of such duty by any member, as for a breach of contract.

(*c*) Where a member of a partnership breaches the duty owing by it to a principal of which the partnership is an agent, the principal, in a suit against the partnership for such breach of duty, in the event he establishes his case, will be entitled to a judgment not only against the member who committed the breach, but also against the partnership and all the individual members thereof who are served.

(*d*) The judgment of the court was correct in so far as the demurrers to the petition were overruled, but it was error to sustain the demurrer as to one of the members of the partnership.

DECIDED APRIL 16, 1925.

Action for damages; from Troup superior court—Judge Roop. August 6, 1924.

Hartford Fire Insurance Company filed suit against Render & Hammett, a partnership composed of R. L. Render and P. M. Hammett, and against Render and Hammett individually, both of whom were residents of Troup county, alleging that the partnership was the agent of the plaintiff for the purpose "of receiving proposals and making insurance in its behalf" in the City of LaGrange and vicinity, enjoying and receiving a compensation for services rendered, and that the plaintiff had been damaged by a breach of duty on their part, arising out of the agency. The complaint was that a certain summons of garnishment in another cause was issued and directed to the plaintiff and served upon it by service upon the partnership as its agent; that the agent failed to notify the plaintiff of the service of such summons, and it had no knowledge thereof until after a judgment had been duly rendered in favor of the plaintiff in garnishment upon its failure to answer the summons; that it was not indebted to the party who was de-

fendant in the suit out of which the garnishment issued, and if it had been notified of the service it would have answered and established its want of indebtedness; and that as a result of the failure of its agent to notify it of the service of the summons it was subjected to a judgment and compelled to pay the amount thereof when it could not otherwise have been held liable under the summons. The present suit was to recover the amount which it had thus been forced to pay. It was alleged that the plaintiff was a foreign corporation doing business in the State of Georgia and in the county of Troup. It was shown in the petition that the record in the garnishment case bore an entry of service as follows: "Georgia, Troup county. I have this day served summons of garnishment issued on within affidavit and bond, personally on Hartford Fire Insurance Company, a corporation, also Savannah Fire Insurance Company, a corporation, by serving R. L. Render, agent in charge, 12 o'clock noon. This Feb. 14, 1922. A. O. Wilson, L. C." The petition further alleged: "The summons of garnishment was on the 12th day of February, 1922, served upon petitioner, the Hartford Fire Insurance Company, by A. O. Wilson, L. C., by serving the agents of petitioner in Troup county, Georgia, Render & Hammett, by handing said summons of garnishment to R. L. Render, a member of the firm of Render & Hammett."

The defendant demurred generally, and in the demurrer alleged, as one of the reasons why the petition set forth no cause of action, that the entry of the officer on the garnishment proceeding shows that there was no service on the agency of Render & Hammett, and fails to show that there was any service on an agent of the plaintiff, or that the alleged agent R. L. Render was the agent in charge of the plaintiff's office and place of business in Troup county. As a part of the same demurrer it was urged on behalf of the defendant Hammett that the petition showed upon its face that there had been no service of the garnishment summons so far as he was concerned, and no service on the agency, the service having been made only upon R. L. Render personally. The court overruled the demurrers as to the partnership, and also as to R. L. Render individually, but sustained the demurrer as to Hammett. The defendant partnership and Render as an individual excepted to the judgment overruling the demurrer as to them, and the plaintiff excepted to the sustaining of the demurrer as to Hammett.

*L. B. Wyatt,* for plaintiffs in error.

*Spalding, MacDougald & Sibley, Lovejoy & Mayer,* contra.

BELL, J. (After stating the foregoing facts.)

Whether one of the bills of exceptions should be considered as a main bill and the other as a cross-bill need not be determined. We will, however, consider both bills in one opinion.

1. We have no hesitancy in holding that in cases where service upon a principal may be had by service upon his agent, it is the duty of the agent to notify his principal of that fact when service is so made. In the absence of a waiver a party can not be held to a suit without service, and where the law provides for service upon a principal by service upon its agent, it necessarily does so upon the assumption that the agent will notify the principal. The plaintiff in this case was subject to be served in the manner stated. Civil Code (1910), §§ 2563, 2564; *Great Eastern Casualty Co.* v. *Haynie,* 16 *Ga. App.* 643 (85 S. E. 938). If in the present case there was service upon the principal by service upon the partnership, the latter would be liable for damages sustained by the plaintiff principal because of its being compelled to pay a judgment which, according to the averments of the petition, would never have been rendered against it if the agent partnership had duly informed it of the service. Cf. Civil Code (1910), §§ 4627, 3581; *Wood* v. *Isom,* 68 *Ga.* 417 (4); *Wright* v. *Central R. Co.,* 16 *Ga.* 38 (3); *Georgia &c. Ry. Co.* v. *Jossey,* 105 *Ga.* 271 (31 S. E. 179).

2. Service upon one member of a partnership is service upon the firm (Civil Code of 1910, § 3167; *Ferry* v. *Mattox,* 2 *Ga. App.* 104 (3), 58 S. E. 291); and since the firm was the plaintiff's agent, service upon the firm was service upon the plaintiff. In other words, where a principal may be served by service upon its agent, and its agent is a partnership, the service upon the principal may be perfected by service upon one of the members of the partnership. Cf. 30 Cyc. 478; 2 C. J. 669.

3. But it is claimed by the defendants that the entry of the officer in the garnishment proceeding is fatally defective as showing service, because it does not appear, as required by the Civil Code, § 5270, that the agent served was in charge of the office or business of the corporation in the county or district at the time of the service. It would seem that the word "agent," following the name of the person to whom the writ was delivered, was merely

descriptive, and that the entry did not show service upon him in the capacity of agent. The defendants rely principally upon the decisions of the Supreme Court in *Southern Railway Co.* v. *Hagan,* 103 *Ga.* 564 (1) (29 S. E. 760) ; *Holbrook* v. *Evansville &c. R. Co.,* 114 *Ga.* 4 (39 S. E. 938). These decisions are to the effect that the return of an officer merely stating that he had served a named railroad company with a summons of garnishment by serving a designated person, without describing that person as the agent in charge of the office or business of the company in the county or district wherein the service was made, will not afford a basis for entering a judgment against the company for failure to answer. The two cases cited appear to be identical in their facts, and the *Hagan* case, supra, was distinguished in *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25). Where a garnishee has been actually served, and judgment has gone against him upon his failure to answer, he can not *afterwards* avoid the judgment merely because the return may have been defective in the particulars indicated above. In such a case the entry will be regarded as an irregular or incomplete return of good service. The plaintiff has made an allegation that it was served; the meaning of which is that the person or firm served was in fact its agent in charge of its business in the county wherein the service was made. In these circumstances the defects in the entry could have been cured before judgment by an amendment. After judgment amendment was not necessary. See *Jones* v. *Bibb Brick Co.,* supra; *Tifton Compress Co.* v. *Robinson,* 31 *Ga. App.* 350 (1) (120 S. E. 701) ; *Seaboard Air-Line Ry.* v. *Davis,* 13 *Ga. App.* 14 (78 S. E. 687) ; *McDuffie Oil & Fertilizer Co.* v. *Iler,* 28 *Ga. App.* 734 (1) (113 S. E. 52) ; *Love* v. *National Liberty Ins. Co.,* 157 *Ga.* 259 (1) (121 S. E. 648). The plaintiff could not have escaped payment of the judgment merely because of the defects in the entry of service. If it had sought to void the judgment by an affidavit of illegality, it could not have done so without alleging that it had not been served. The petition shows that this allegation could not have been made, because it was not the truth.

4. The petition, which is not demurred to specially for duplicity, alleges that the failure of the partnership to notify the plaintiff of the service was either by "neglect" or "design." It is suggested on behalf of the partnership and Hammett that any breach of duty

appearing was a tort by Render alone, and that a partnership will not be held liable for a tort committed by one of the partners in which the other partner did not join. See *Battle* v. *Pennington,* 14 *Ga. App.* 56 (80 S. E. 297). It is provided in the Civil Code, § 3187, that partners are not responsible for torts committed by a copartner. There has possibly been some confusion in the construction of this section, and, while the contention of the defendant, in the abstract, would appear to be answered by the reasoning of Chief Justice Bleckley in *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328), quoted by this court in *Zakas Bakery* v. *Lipes,* 27 *Ga. App.* 712 (109 S. E. 537), it is unnecessary to make any direct and positive ruling upon the point in the case now before us.

"Where from the language of a petition it is doubtful whether the pleader intends to proceed upon the action as one ex contractu or as one ex delicto, the ambiguity not being raised by demurrer and thus removed, and where the averments of the petition as a whole are generally more appropriate to an action ex delicto, and where, if the petition is construed to be one arising in tort, no cause of action is set forth, and where, if the petition is construed to be one on contract, a cause of action is set forth, the court should, in passing upon an exception to a judgment sustaining a general demurrer to the petition, adopt the latter construction, as that construction will uphold the action. If a party has two remedies, one an action for breach of the contract, and the other an action on the case for the wrong, he may elect which of the remedies he will pursue." *Citizens & Southern Bank* v. *Union Warehouse &c. Co.,* 157 *Ga.* 434 (7), 455 (122 S. E. 327). See also *Payton* v. *Gulf Line Ry. Co.,* 4 *Ga. App.* 762 (2) (62 S. E. 469); *Dawson Cotton Oil Co.* v. *Kenan,* 21 *Ga. App.* 688 (1) (94 S. E. 1037); *Lytle* v. *Southern Railway Co.,* 3 *Ga. App.* 219 (59 S. E. 595). If the petition should fail to set forth a cause of action if construed as complaining of a tort, it is still possible to uphold it as an action for a breach of contract. Perhaps this is even the only proper construction to make of it. Whatever may have been the purpose of the defendants in failing to notify the plaintiff of the service, the failure to do so was a breach of duty. In *Williams* v. *Moore-Gaunt Co.,* 3 *Ga. App.* 756 (1), 759 (60 S. E. 372), this court said: "The law implies, *as a part of the contract by which* every agency

46

arises, that the agent agrees to have and exercise, for ,and toward his principal, loyalty and absolute good faith." (Italics ours.)

The court did not err in overruling the demurrer as to Render and the partnership. Since the demurrer was joint, by the partnership and both of the individual defendants, if a cause of action was set out against the defendant Render it might have been *overruled* as to all the defendants. *May* v. *Jones,* 88 *Ga.* 308 (4) (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. Rep. 154) ; *Howard* v. *Edwards,* 89 *Ga.* 367 (2) (15 S. E. 480). This, however, was not done.

.Did the court err in sustaining the demurrer as to Hammett? In our opinion the question should be answered in the affirmative, irrespective of the applicability of the rule of practice laid down in the cases just referred to.

The learned trial judge probably had in mind that the service of the summons of garnishment was made only upon Render, and thus inadvertently applied the rule as laid down in section 3167 of the Civil Code to the effect that service of process upon one partner, while binding upon the firm and the individuals served, is not binding upon the individual members of the partnership who are not served. *Prinlup* v. *Turner,* 65 *Ga.* 71 (3). Notice to Render was notice to the partnership of which he was a member, and, as we have seen, service upon him was service upon the firm. It therefore became the duty not only of Render but of the partnership, including Hammett, to give notice of the service to their principal. The default therefore was not attributable alone to Render; otherwise there would have been no reason for overruling the demurrer as to the partnership. The present action is to hold the partnership liable for the default. If in the *instant action* there had been service, or the equivalent, only. upon Render, any judgment that the plaintiff might recover could only affect Render and the partnership. But each member of a partnership is a surety for the other as to acts within the legitimate business of the partnership (Civil Code of 1910, § 3180), and there is no suggestion that Hammett was not served in the present case. In fact his appearance by a general demurrer waived service, and if the allegations of the petition be true, the plaintiff is entitled to a judgment not only against the joint copartnership property, but also against the individual property, real and personal, of each member of the part-

nership. Civil Code (1910), § 5592. "In this State a judgment on a suit against a partnership binds all partners, so far as the partnership is concerned, and also binds individually such of the partners as are served. The execution issued on the judgment may be levied either on partnership property or on individual property of the partners served. If all the partners are served, the judgment stands just as an ordinary judgment against joint debtors would stand, except that the partnership assets are also subject to levy under the execution issued thereon." *Higdon* v. *Williamson,* 10 *Ga. App.* 376 (1) (73 S. E. 528). See also *Flowers* v. *Strickland,* 10 *Ga. App.* 739 (73 S. E. 1092).

The court erred in sustaining the demurrer as to the defendant Hammett.

*Judgment on bill of exceptions No. 15888 affirmed. Judgment on bill of exceptions No. 15889 reversed. Jenkins, P. J., and Stephens, J., concur.*