25752. ROGERS v. CARMICHAEL, survivor.

BROYLES, C. J. 1. "Partners shall not be responsible for torts committed by a copartner. For the negligence or torts of their agents or servants they are responsible under the same rules which apply to individuals." Code, § 75-308. In view of the first sentence in the quoted section, the second sentence should be construed as referring only to those "agents or servants" who are agents or servants of the partnership *and who are not members thereof*, and not to the partners themselves. *Ozborn* v. *Woolworth*, 106 *Ga.* 459, 460 (32 S. E. 581); *Corbett* v. *Connor*, 11 *Ga. App.* 385, 387 (75 S. E. 492). "The first part of the section, which applies to torts of the partners themselves, explicitly declares that 'partners are not responsible for torts committed by a copartner.' The words used are exclusive; they neither express nor imply an exception. The language is a statutory declaration that any tort committed by one partner is beyond the scope of. the partnership business and does not bind the partnership. . . '*Whatever may be the law in other jurisdictions, the question has been settled in this State by the Civil Code, §. 2658* [Code of 1933, § 75-308]. . . This is an act of the General Assembly, and is binding upon the courts of this State, whatever the law may be elsewhere.' " *Corbett* v. *Conner*, supra, *Martin* v. *Simpkins*, 116 *Ga.* 256 (42 S. E. 483). See also *Goodrich* v. *Goldstein*, 32 *Ga. App.* 405 (123 S. E. 754); *Holley* v. *Sneed*, 46 *Ga. App.* 309 (167 S. E. 625).

2. Under the foregoing rulings and the facts of this case, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 6, 1936. REHEARING DENIED DECEMBER 12, 1936.

*J. Wightman Bowden, Brown & Brown,* for plaintiff.
*Beck, Goodrich & Beck,* for defendant.