### 25752. ROGERS v. CARMICHAEL.

BROYLES, C. J. "1. At common law, a partnership and its members could be held liable for damages resulting from a negligent tort committed by one of the partners within the scope of the partnership business.

"2. The statement that 'partners shall not be responsible for torts committed by a copartner,' adopted as part of the first Code and contained in each of the subsequent Codes, properly construed, is merely declaratory of the principle that a partner is not liable for the torts of a copartner solely in virtue of their relationship, and does not change the common-law rule as stated above.

"3. This was an action against a surviving partner, to recover damages for personal injuries alleged to have been sustained by the plaintiff as the result of a negligent tort committed by one of the partners within the scope of the partnership business. The case is before this court on the grant of a certiorari to review a judgment and decision of the Court of Appeals. The allegations of the suit were sufficient to state a cause of action. The Court of Appeals erred in affirming the judgment of the trial court sustaining a general demurrer and dismissing the petition."

The foregoing headnotes are the decision of the Supreme Court, reversing our judgment in this case (*Rogers* v. *Carmichael,* 54 *Ga. App.* 868). Therefore our former judgment in this case is vacated; and the judgment dismissing the petition on general demurrer is reversed. See *Rogers* v. *Carmichael,* 184 *Ga.* 496 (192 S. E. 39).

Judgment reversed. *MacIntyre and Guerry, JJ., concur.*
DECIDED JULY 3, 1937.

*J. Wightman Bowden, Brown & Brown,* for plaintiff.
*Beck, Goodrich & Beck,* for defendant.