## 23647. HAZELRIGS v. HIGH COMPANY.

STEPHENS, J. 1. Where it was alleged in the petition that the plaintiff, after entering the defendant's store as a customer, for the purpose of transacting business with the defendant through the defendant's agents in the store, was accosted by a named man who was a "servant and agent of defendant and in charge of supervising the department of furniture and the department to which your petitioner had gone for the purpose aforesaid," who at the time was acting within the scope of his authority as such, and who maliciously and without excuse or provocation, and with the intent to humiliate and embarrass the plaintiff, spoke in a loud voice to him, in the presence of other people, telling him not to touch anything in the store, and that if he didn't get out of the store, assistance would be called and he would be thrown out, thus intimating that the plaintiff was a thief, and who invoked the aid of other employees of the store to assist in throwing the plaintiff out, continued to rail at the plaintiff, and took him by the arm and pointed to the door, and that all this was much to the plaintiff's embarrassment and humiliation, the petition alleged a cause of action against the defendant for damages for failure to protect the plaintiff as a customer, lawfully upon the defendant's premises, from injury caused by the misconduct of the defendant's employees. *Moone* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712). The petition in this respect was good as against general demurrer.

2. While a corporation is not liable for slanderous remarks uttered by its agent or servant unless their utterance was expressly authorized by the corporation, the allegation in the petition that the alleged slanderous remarks made concerning the plaintiff by the defendant's servant and agent in charge of supervising the department of the store to which the plaintiff had gone, were made under the direct authority and direction of defendant corporation by the said agent while "acting in the scope as an agent so invested with said authority," sufficiently alleges that the alleged slanderous remarks were uttered under the authority of the defendant corporation.

3. The allegations in the petition as respects the acts and doings of the alleged agent of the defendant were sufficiently specific to withstand a special demurrer.

4. The court erred in sustaining the general demurrer and the special grounds of demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 29, 1934.

*Don K. Johnston,* for plaintiff. *Grant & Long,* for defendant.