24045. SIMS *v.* MILLER'S INCORPORATED.

DECIDED FEBRUARY 8, 1935.

*Festus Windham, Porter & Mebane,* for plaintiff.

*Wright & Covington,* for defendant.

JENKINS, P. J. The plaintiff sued a corporation operating a retail store for $2,000 damages because of humiliation, pain, and shock to her nervous system, by reason of language directed to her, in the presence of customers and clerks, by the manager of the store, "in charge [of] the business of the defendant and [so] acting at the time complained of." Other material averments of the petition were: that the plaintiff's husband bought a pair of hose from the defendant at this store; that when she went there on the same date for the purpose of exchanging them for another pair and opened the package, the manager said "They are our hose and came from this store and were stolen, and you are going to give them back," to which she replied, "It may be I am in the wrong store," and he then shouted at her in a loud and angry voice, "They came from this store and were stolen." She further alleged that no one had stolen the goods; that the accusation was utterly untrue, recklessly, wilfully, and wantonly made, and was unprovoked and unjustifiable; and that she was thus charged with a crime under the laws of Georgia by being in possession of stolen goods. She excepts to the dismissal of her petition on the grounds of general demurrer, that no cause of action was stated, and that no facts were shown which would authorize a recovery for slander.

1. "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre* v. *National Cash Register Co.,* 100 *Ga.*

██

213 (27 S. E. 986, 62 Am. St. R. 320); *Ozborn* v. *Woolworth,* 106 *Ga.* 459, 460 (32 S. E. 581); *So. Ry. Co.* v. *Chambers,* 126 *Ga.* 404, 408 (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Ivins* v. *L. & N. R. Co.,* 37 *Ga. App.* 684 (141 S. E. 423). If it affirmatively appear that a slanderous utterance was made by an officer, agent, or servant by "the direct authority" or "direction" of the corporation (*Hazelrigs* v. *High Co.,* 49 *Ga. App.* 866 (2), 176 S. E. 814), or that it was made by the alter ego of the corporation, the corporation would be liable. "The president of a corporation is presumed to be its alter ego," but "no such presumption exists in favor of any other official." *Baker* v. *Lowe Electric Co.,* 47 *Ga. App.* 259 (5), 263 (170 S. E. 337), and cit. Consequently, the mere averment in the instant petition that the utterance was made by the "manager" of the defendant's store, "in charge of the business of the defendant and so acting at the time complained of," was insufficient to authorize a recovery upon the theory of slander, since the utterance was not made by one who prima facie was the alter ego of the corporation, and presumably was authorized to speak for the corporation, and since there was no allegation of any express direction or authority from the corporation to speak the words in question.

2. In *LeMaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875), this court held that: "One who maintains a mercantile establishment for the purpose of selling goods owes a duty to a customer, lawfully in his store by his implied invitation for the purpose of transacting business, to protect the customer against the use of any unprovoked and unjustifiable opprobrious and insulting and abusive words by a clerk employed by him to deal with customers, tending to humiliate, mortify, and wound the feelings of the customer. . . A petition as amended which alleges that the plaintiff, while present in the defendant's store as a customer, desiring to make a purchase from the defendant, was, in a loud and angry tone which could be heard by other customers present, falsely and unjustly accused by one of the defendant's clerks of having in a handbag a certain article belonging to the defendant, which charge humiliated and embarrassed the plaintiff, set out a cause of action for a wilful and intentional tort." The allegations in the instant case as to the actions of the defendant's manager, in charge of its business and so acting at the time, bring it within this ruling and the ruling in the 1st paragraph of the decision in *Hazelrigs* v. *High Co.,*

supra, where it was held that a petition with similar averments "alleged a cause of action against the defendant for damages for failure to protect the plaintiff as a customer lawfully upon the defendant's premises from injury caused by the misconduct of the defendant's employees." See also *Moone* v. *Smith*, 6 *Ga. App.* 649 (65 S. E. 712) ; *Gomez* v. *Great Atlantic & Pacific Tea Co.*, 48 *Ga. App.* 398, 400 (172 S. E. 750). Under this theory, sufficiently stated by the petition, it was error to dismiss the case upon general demurrer, even though no recovery could be had for the alleged slander.

*Judgment reversed. Stephens and Sutton, JJ., concur.*