## 30205. SOUTHERN GROCERY STORES INC. *v.* KEYS.

DECIDED JANUARY 5, 1944.

474

475

Hirsch, Smith, Kilpatrick, Clay & Cody, Ernest P. Rogers, Sidney Haskins, for plaintiff in error.

G. Seals Aiken, Ellis McClelland, contra.

GARDNER, J. ■ It is contended by the defendant that the case is one sounding in slander or oral defamation, and that since it is not alleged in response to its special demurrer, or elsewhere in the petition, that the words spoken were expressly authorized by the proper authorities of the corporation, no cause of action was set out against it. At the outset we concede the correctness of this position, if the allegations of the petition must be construed as one sounding in slander or oral defamation. This principle has been many times ruled. The leading case is Behre v. National Cash Register Co., 100 Ga. 213 (27 S. E. 986, 62 Am. St. R. 320), followed by this court in Jackson v. Atlantic Coast Line. R. Co., 8 Ga. App. 495 (69 S. E. 919), and Headley v. Maxwell Motor Sales Corp., 25 Ga. App. 26 (102 S. E. 374), and mentioned approvingly in Sims v. Miller's Inc., 50 Ga. App. 640 (179 S. E. 423). See,

also, *Russell* v. *Dailey's Inc.,* 58 *Ga. App.* 641 (199 S. E. 665). However, in *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), this court held that one in the place of business of another by invitation is entitled to protection against the tortious misconduct not only of the employees of the person extending the invitation but also of others who may be therein. It is there held that the duty owed to an invitee is comparable to the duty of a common carrier of passengers, the only difference being in the diligence required. The former is required to exercise extraordinary care to protect, and the latter ordinary care. In *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875), this court said: "One who maintains a mercantile establishment for the purpose of selling goods owes a duty to a customer, lawfully in his store by his implied invitation for the purpose of transacting business, to protect the customer against the use of any unprovoked and unjustifiable opprobrious and insulting and abusive words by a clerk employed by him to deal with customers, tending to humiliate, mortify, and wound the feelings of the customer. . . A petition as amended which alleges that the plaintiff, while present in the defendant's store as a customer, desiring to make a purchase from the defendant, was, in a loud and angry tone which could be heard by other customers present, falsely and unjustly accused by one of the defendant's clerks of having in a handbag a certain article belonging to the defendant, which charge humiliated and embarrassed the plaintiff, set out a cause of action for a wilful and intentional tort." It is true that neither *Moone* v. *Smith,* nor *Lemaster* v. *Millers,* supra, were actions against corporations, but the doctrine is announced in both of them. In *Hazelrigs* v. *High Company,* 49 *Ga. App.* 866 (176 S. E. 814), this court, citing *Moone* v. *Smith,* applied the principle to a corporation under allegations of facts very similar to those in the instant case. In *Sims* v. *Miller's Inc.,* supra, under allegations substantially the same as in the case at bar, wherein *Lemaster* v. *Millers, Moone* v. *Smith,* and *Hazelrigs* v. *High Co.,* are cited, this court said: "The allegations in the instant case, as to the actions of the defendant's manager in charge of its business and so acting at the time, bring it within this ruling and the ruling in the 1st paragraph of the decision in *Hazelrigs* v. *High Co.,* supra, where it was held that a petition with similar averments 'alleged a cause of action against the defendant for damages for failure to protect the plaintiff as a cus-

tomer lawfully upon the defendant's premises from injury caused by the misconduct of the defendant's employees.' . . Under this theory, sufficiently stated by the petition, it was error to dismiss the case upon general demurrer, even though no recovery could be had for the alleged slander." We have read the original records in *Hazelrigs* v. *High Co.* and *Sims* v. *Miller's Inc.*, and we fail to detect any material difference between the allegations of the petitions in those cases and the allegations in the case at bar. Therefore it would seem that when, as here, a corporation engaged in the retail mercantile business impliedly extends an invitation to the public to trade there, the law requires of such corporation the same degree of diligence to protect its customers from the tortious misconduct of its employees as it requires of a natural person to protect an invitee from the misconduct of its agents and employees acting about their master's business within the scope of their employment. The misconduct may involve elements of slander, but the gist of the right of recovery is not based on slander, but is based on the right of the invitee to be protected from any tortious misconduct on the part of the corporation from its agents and employees acting within the scope of their duties and about their master's business. In all of the cases cited by the plaintiff in error none of them involve the principle of protection which the law throws around an invitee, save one. That one is *Russell* v. *Dailey's Inc.*, supra. We have read the original record in that case, and it may be distinguished from *Hazelrigs* v. *High Co.* and *Sims* v. *Miller's Inc.*, supra (older decisions of this court), in that the allegations, according to their more circumscribed import, denominate an action sounding exclusively for slander. Be this as it may, we are required by the law to follow the older decisions as precedents. As to the other cases cited by the plaintiff in error, *Behre* v. *National Cash Register Co.*, *Jackson* v. *Atlantic Coast Line R. Co.*, *Headley* v. *Maxwell Motor Sales Corp.*, supra, and *Ivins* v. *Louisville & Nashville R. Co.*, 37 *Ga. App.* 684 (3) (141 S. E. 423), by reference to the original records in those cases we find that they do not involve the question of the duty owing an invitee.

■ We construe the allegations of the petition in the instant case as sufficient to bring it within the doctrine of the duty owing an invitee. We think this theory is sufficiently stated by the petition, although there can be no recovery against the corporation for slan-

der, even though oral defamation might be involved as a simultaneous wrong. It therefore follows that if we are correct in what we have said, it was not necessary to allege or prove that the words alleged to have been spoken by the agents of the corporation were expressly authorized by the corporation, or ratified by it. But the allegation that the manager and the cashier were agents and employees acting within the scope of their authority, and, at the time, engaged in their master's business, are sufficient to withstand the demurrers to the petition. The court did not err in overruling the demurrers.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*