31340.   COLONIAL STORES INCORPORATED *v*. COKER.

DECIDED SEPTEMBER 5, 1946.   REHEARING DENIED SEPTEMBER 27, 1946.

266

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter,* for plaintiff in error.

*Garland & Hall,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ This case is almost identical with and is controlled by *Southern Grocery Stores* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581). The court in that case, citing and discussing a number of authorities, said: "Therefore, it would seem that when, as here, a corporation engaged in the retail mercantile business impliedly extends an invitation to the public to trade there, the law requires of such corporation the same degree of diligence to protect its customers from the tortious misconduct of its employees as it requires of a natural person to protect an invitee from the misconduct of its agents and employees acting about their master's business within the scope of their employment. The misconduct may involve elements of slander; but the gist of the right of recovery is not based on slander, but is based on the right of the invitee to be protected from any tortious misconduct on the part of the corporation from its agents and employees acting within the scope of their duties and about their master's business." For rulings to the same effect, see *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875), *Hazelrigs* v. *High Company,* 49 *Ga. App.* 866 (176 S. E. 814), and *Sims* v.

*Millers,* 50 *Ga. App.* 640 (179 S. E. 423). The court did not err in overruling the defendant's demurrers.

The cases cited and relied on by the plaintiff in error do not, under the facts of this case, authorize or require a different ruling from the one hereinabove made.

*Judgment affirmed. Felton and Parker, JJ., concur.*