1. When a corporation, engaged in the retail mercantile business, impliedly extends an invitation to the public to trade in its store, it is required to exercise the same degree of diligence to protect its customers from the tortious misconduct of its employees as an individual must exercise to protect an invitee from the misconduct of such individual's agents and employees acting about their master's business and within the scope of their employment, though such misconduct of the corporation's agents and employees may involve elements of slander.
(a) Accordingly, in an action against a corporation for damages caused by false accusations of the defendant retail store's cashier and manager, that the plaintiff, who was a customer in said store, had obtained a box of dried milk for which she refused to pay, thus intimating that the plaintiff was a cheat, swindler, and thief, the allegations of the petition are sufficient, as against the demurrers of the defendant, to set out a cause of action against the defendant corporation.
2. The cases cited and relied on by the plaintiff in error do not, under the facts of this case, authorize or require a different ruling from the one herein above made.
 DECIDED SEPTEMBER 5, 1946. REHEARING DENIED SEPTEMBER 27, 1946.
Mrs. J. E. Coker sued Colonial Stores Inc. in the Superior Court of Fulton County. Her petition alleged substantially: That the defendant, a corporation, conducted a retail mercantile establishment in the City of Atlanta where it extended to the public an invitation to trade; that it was the duty of the defendant to protect its customers from the tortious misconduct of its employees acting about the business of the company and in the scope of their employment; that the plaintiff entered the defendant's place of business as a customer for the purpose of making purchases, and purchased several articles; that as she passed on to the checking counter on her way out, she placed her shopping bag and the articles she had purchased on the counter and the cashier of the defendant requested her to put the articles she had purchased in her shopping bag to save a sack, whereupon she opened her shopping bag for the purpose of putting the articles into it; that there was immediately present and in hearing a large number of other customers of the defendant; that the defendant's cashier, while in the course of her employment and acting as agent and employee of the defendant, demanded that the plaintiff pay for a box of dry milk, which she had in her shopping bag and which she had purchased *Page 265 
from an A. P. store nearby; that plaintiff informed the cashier that she had purchased the box of dry milk from the A. P. store, nevertheless, the cashier contended, in the presence of the other customers, that the plaintiff had acquired the box of dry milk in the defendant's store and was endeavoring to conceal it and avoid paying for it, which contention conveyed, and was intended to convey, the meaning that the plaintiff was a cheat, swindler, and thief and that she was endeavoring to cheat, swindle, steal and defraud the defendant in violation of the criminal laws of this State; that plaintiff then appealed to the manager of the store for help, telling him that she had purchased the milk from the A. P. store and that she was being wrongly accused by the cashier; that the plaintiff got no assistance from the manager, who, in the presence of the other customers of the store, reiterated the untrue accusation made against the plaintiff and stated he was positive that the box of milk had been removed from the shelves of the defendant's store; that, after repeated remonstrances and pleading by the plaintiff, the manager accompanied plaintiff to the A. P. store where the plaintiff's purchase of the box of milk was verified by the demonstrator who had sold it to her, to whom the manager again stated that he believed the box of milk had been stolen from the defendant by the plaintiff; that the false accusations which the employees and agents of the defendant made against plaintiff caused her severe and excruciating mental pain and anguish, ruined her good reputation, held her to scorn and ridicule, and caused the public finger of reproach to be pointed toward her by her neighbors, all of which caused plaintiff to suffer distress and anguish of body and mind, disorganized her nervous system, rendered her unable to sleep at night, and seriously impaired her general health; that the accusations made by the cashier and manager were false and unprovoked and constituted a slander or oral defamation of plaintiff; that the abusive treatment accorded plaintiff by the cashier and manager constituted tortious misconduct on the part of the defendant corporation from its agents and employees acting within the scope of their duties and about the business of the defendant corporation. The prayers of the petition were for process and for judgment in the sum of $10,000.
The defendant demurred generally to the petition on the ground that it did not set out a cause of action and specially to three paragraphs *Page 266 
of the petition which alleged in substance (a) that it was the duty of the defendant to protect its customers from tortious misconduct of its employees acting about the business of the corporation and within the scope of their employment; and (b) that the plaintiff was an invitee and customer in the store of the defendant and had the legal right owed her by the defendant to be protected from any tortious misconduct on the part of the defendant corporation from its agents and employees acting within the scope of their duties and about the business of the defendant; and (c) that the abusive treatment accorded plaintiff by the cashier and manager constituted tortious misconduct on the part of the defendant from its agents and employees acting within the scope of their duties and about the business of the defendant corporation, upon the grounds that said allegations were mere conclusions of law.
The court overruled the demurrers, and the defendant excepted.
1. This case is almost identical with and is controlled by SouthernGrocery Stores v. Keys, 70 Ga. App. 473 (28 S.E.2d 581). The court in that case, citing and discussing a number of authorities, said: "Therefore, it would seem that when, as here, a corporation engaged in the retail mercantile business impliedly extends an invitation to the public to trade there, the law requires of such corporation the same degree of diligence to protect its customers from the tortious misconduct of its employees as it requires of a natural person to protect an invitee from the misconduct of its agents and employees acting about their master's business within the scope of their employment. The misconduct may involve elements of slander, but the gist of the right of recovery is not based on slander, but is based on the right of the invitee to be protected from any tortious misconduct on the part of the corporation from its agents and employees acting within the scope of their duties and about their master's business." For rulings to the same effect, see Moone v. Smith, 6 Ga. App. 649 (65 S.E. 712),Lemaster v. Millers, 33 Ga. App. 451 (126 S.E. 875),Hazelrigs v. High Company, 49 Ga. App. 866 (176 S.E. 814), and Sims v. *Page 267 Millers, 50 Ga. App. 640 (179 S.E. 423). The court did not err in overruling the defendant's demurrers.
2. The cases cited and relied on by the plaintiff in error do not, under the facts of this case, authorize or require a different ruling from the one hereinabove made.
Judgment affirmed. Felton and Parker, JJ., concur.