31810.   SIMPSON *v.* JACOBS PHARMACY COMPANY INC.

DECIDED DECEMBER 3, 1947.

234

■■■■■■

*Leonard Pennisi,* for plaintiff.

*Haas & Hurt,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ Under the allegations of the petition, the plaintiff was an invitee in the defendant's retail store, where the defendant's servants and employees, in the course of their employment with the defendant, falsely accused the plaintiff of the criminal offense of attempting to cheat and swindle the defendant of a sum of money and otherwise insulted and humiliated her in the presence of the other customers in said store. It was held in *Colonial Stores Incorporated* v. *Coker,* 74 *Ga. App.* 264 (1, a) (39 S. E. 2d, 429): "When a corporation, engaged in the retail mercantile business, impliedly extends an invitation to the public to trade in its store, it is required to exercise the same degree of diligence to protect its customers from the tortious misconduct of its employees as an individual must exercise to protect an invitee from the misconduct of such individual's agents and employees acting about their master's business and within the scope of their employment, though such misconduct of the corporation's agents and employees may involve elements of slander. Accordingly, in an action against a corporation for damages caused by false accusations of the defendant retail store's cashier and manager, that the plaintiff, who was a customer in said store, had obtained a box of dried milk for which she refused to pay, thus intimating that the plaintiff was a cheat, swindler, and thief, the allegations of the petition are sufficient, as against the demurrers of the defendant, to set out a cause of action against the defendant corporation." Also, see *Southern Grocery Stores* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581); *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712); *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875);

*Hazelrigs* v. *High Company*, 49 *Ga. App.* 866 (176 S. E. 814);
*Sims* v. *Millers*, 50 *Ga. App.* 640 (179 S. E. 423). Attempting
to cheat and swindle another of money or property of value by
false representations is an indictable offense under the laws of
this State. In this connection, see Code, Chapter 26-74; Code,
§ 27-2507; *DeKrasner* v. *State*, 54 *Ga. App.* 41 (187 S. E. 402),
and citations. It was further alleged in the petition that the
servant and employee of the defendant assaulted the plaintiff by
pushing and brushing her aside with her hands and otherwise
humiliated and embarrassed her in the presence of · the other
customers in said store. Under the allegations of the petition,
a cause of action was stated, and the trial judge erred in sustain-
ing the general demurrers and dismissing the action.

· While a corporation is not liable for slanderous and defamatory
utterances by one of its agents, where not ordered and directed
by it, even though spoken by such agent within the scope of his
duties and for the benefit of the corporation (*Behre* v. *National
Cash Register Co.*, 100 *Ga.* 213, 27 S. E. 986, 62 Am. St. 320);
*Ivins* v. *L. & N. R. Co.*, 37 *Ga. App.* 684, 141 S. E. 423, *Russell*
v. *Dailey's Inc.*, 58 *Ga.·App.* 641, 199 S. E. 665), the present
case is not one against the corporation for slander, but is one
against the corporation for the failure to exercise due care to
protect its customers from the tortious misconduct of its servants
and employees acting within the scope of and about their mas-
ter's business. The fact that such misconduct may involve ele-
ments of slander does not prevent the plaintiff from having a
cause of action against the corporation for breach of its duty
towards her as an invitee on its premises. In this connection,
see *Southern Grocery Stores Inc.* v. *Keys,* supra; *Colonial Stores
Incorporated* v. *Coker,* supra, and citations. The cases cited
and relied on by the defendant in error are distinguishable on
their facts from the present case and the rulings therein made
do not authorize· or require a different ruling in this case from
the one made herein.

■ The plaintiff in error contends in her brief filed in this
court that the trial judge passed upon certain grounds of the
defendant's demurrer which attacked the petition upon the
grounds that it was multifarious and duplicitous. We do not
think the judgment of the trial judge excepted to dealt with these
grounds of the demurrer. A general demurrer to a petition does

not raise questions as to multifariousness, duplicity, or misjoinder of causes of action, or as to nonjoinder or misjoinder of parties, but such questions can be raised only by special demurrer. *Grant* v. *Hart*, 192 *Ga.* 153 (14 S. E. 2d, 860). "Multifariousness, duplicity, or misjoinder is ground for special demurrer." *Tingle* v. *Maddox*, 186 *Ga.* 757 (1) (198 S. E. 722). In his judgment, the trial judge expressly stated that he was sustaining the general grounds of the demurrer and that the special grounds were not passed upon. Accordingly, the contention of counsel for the plaintiff in error, that the trial judge passed on those grounds of the demurrer attacking the petition on the grounds of duplicity and multifariousness, can not be legally sustained.

■ The petition set out a cause of action, and the trial judge erred in sustaining the general demurrers thereto and dismissing the action.

*Judgment reversed. Felton and Parker, JJ., concur.*