31918. WOOLF *v.* COLONIAL STORES INCORPORATED.

DECIDED FEBRUARY 26, 1948.

*A. D. G. Cohn, Charles E. Markeles, Scott Lay Jr.,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Hoke Smith,* for defendant.

PARKER, J. ■ There is a motion to dismiss the bill of exceptions on the grounds: (1) said bill of exceptions has no entry of service thereon, nor was service waived; (2) the bill of exceptions

does not designate who is the plaintiff in error and who is the defendant in error, nor can the same be determined from a reading of the bill of exceptions. The motion to dismiss can not be sustained. There is now an acknowledgment of service on the bill of exceptions by the defendant's attorney. While no plaintiff in error or defendant in error is designated as such in the bill of exceptions, it appears therefrom who was the plaintiff and who was the defendant in the trial court, that the general demurrer to the petition was sustained and the petition dismissed, and that the plaintiff excepted and brought the case to this court. Consequently, it can be determined from a reading of the bill of exceptions who is the plaintiff in error and who is the defendant in error. *Joiner* v. *Singletary*, 106 *Ga.* 257 (1) (32 S. E. 90); *Rosenheim Shoe Co.* v. *Horne*, 10 *Ga. App.* 582 (1) (73 S. E. 953). The motion to dismiss is without merit.

■ The trial judge did not err in sustaining the general demurrer to the petition and in dismissing the plaintiff's action, because the petition shows that it was an action for damages for slander. Paragraph 7 of the petition is as follows: "Plaintiff avers that by reason of the speaking of the false, malicious and defamatory words aforesaid he has been and is greatly injured in his said good name, reputation, fame and credit, and brought into public scandal, infamy, and contempt with and among his neighbors;" and paragraph 12 alleges: "Petitioner shows that said remarks of defendant's agent were actionable in nature and damaging within themselves." Other allegations in the petition tend to indicate that it was based squarely on alleged slanderous words uttered respecting the plaintiff, amounting to a slander, and was not an action "for failure to protect the plaintiff as a customer lawfully upon the defendant's premises from injuries caused by the misconduct of the defendant's employees," for which an action will lie under the rulings in *Hazelrigs* v. *High Company*, 49 *Ga. App.* 866 (176 S. E. 814), and other cases.

This case is controlled by the ruling in *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213 (27 S. E. 986, 62 Am. St. R. 320), that "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of

his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question."

*Judgment affirmed. Felton, J., concurs. Sutton, C. J., concurs specially.*

SUTTON, C. J., concurring specially. The following principle was ruled by this court in *Southern Grocery Stores* v. *Keys*, 70 *Ga. App.* 473 (2) (28 S. E. 2d, 581): "Where one engaged in a retail mercantile business impliedly extends an invitation to the public to trade there, a customer visiting the establishment in response to such invitation is entitled to protection from the tortious mistreatment or misconduct of the employees of the person conducting such business. This protection is required of a corporation as well as a natural person. The fact that such misconduct or mistreatment by the employees contains elements of slander does not relieve the corporation of its duty to protect the invitee, although no recovery can prevail against it for slander, which may be simultaneously involved." This ruling was followed in *Colonial Stores* v. *Coker*, 74 *Ga. App.* 264, (39 S. E. 2d, 429), and in *Simpson* v. *Jacobs Pharmacy Co.*, 76 *Ga. App.* 232 (45 S. E. 2d, 678). The plaintiff in error cites and relies on those cases to support his contention in the present case. But the case at bar is distinguishable on its facts from the three cases just mentioned. The alleged tortious misconduct of the defendant's employee towards the plaintiff in this case did not occur in its store or on its premises, but the conduct complained of took place in the street, after the plaintiff had left the store and premises of the defendant corporation. Under the allegations of the present petition, the cases, supra, cited and relied on by the plaintiff in error, are without application here.

The rulings made in *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213 (supra), that, "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question," and in *Southern Railway Company* v. *Chambers*, 126 *Ga.* 404 (4) (55 S. E. 37,

7 L. R. A. (N.S.) 926), and the cases therein cited, are applicable and controlling under the facts alleged in the petition in this case. In the *Chambers* case it was held that the allegations of the petition as to the abusive and insulting language of the agent of the defendant to the plaintiff, when the plaintiff was upon the premises of the defendant, in conversation with the agent upon business connected with his agency, set forth a cause of action. In *Christian* v. *Columbus & Rome Railway Company*, 79 *Ga.* 460 (7 S. E. 216); s. c. 97 *Ga.* 56 (25 S. E. 411), where the defendant was held liable for the homicide committed by its agent, the agent was at his place of business; and in *Georgia R. & Banking Co.* v. *Richmond*, 98 *Ga.* 495 (25 S. E. 565), the assault was committed by the agent upon the premises of the defendant where it had placed its agent on duty; and in the case of *Cole* v. *Atlanta & West Point R. Co.*, 102 *Ga.* 474 (31 S. E. 107), where the defendant was held liable for the insult by a conductor, the insult took place on the train where the defendant had placed the conductor on duty. The court said in the *Chambers* case: "None of the cases, so far as our attention has been called to them, has gone to the extent of holding that the company would be liable for the tort of the agent at other places than where the agent was placed by the company for the discharge of the duties of his agency. If the agent had insulted the plaintiff upon the streets of Villa Rica, or at any place of business of the merchants or others of the town of Villa Rica, the act would be the individual act of the agent, and the company would not be liable for such insult, even though at the time of the insult the agent was transacting the business of the company. When one goes to the agency of a corporation, the corporation owes him a duty to protect him from the wrongful acts of the agent in charge of the agency. But when one who is an agent of the corporation commits a tort at places other than the place of agency, the company is not liable for the tort, unless it appears that it authorized the act or ratified it after its commission."

Accordingly, where it affirmatively appeared that the alleged tortious misconduct of the employee of the defendant corporation to the plaintiff did not occur while the plaintiff was in the store or on the premises of the defendant as an invitee, but that the

same took place in the street, after the plaintiff had left the store and premises of the defendant, the petition failed to set out a cause of action against the defendant, and the trial judge did not err in sustaining the defendant's general demurrer and in dismissing the action.