36898.   MANSOUR *et al. v.* MOBLEY.

DECIDED DECEMBER 4, 1957—REHEARING
DENIED DECEMBER 19, 1957.

814

*Wyatt & Morgan, Lewis R. Morgan, James R. Lewis,* for plaintiffs in error.

*Thomasson & Thomasson, Houston White, J. T. Thomasson,* contra.

FELTON, C. J. 1. (a) The action was not one based on slander and false imprisonment but was based on the tortious misconduct or mistreatment of the plaintiff, an invitee, by one of the defendants acting on behalf of himself and as agent of the other two defendants. "Where one engaged in a retail mercantile business impliedly extends an invitation to the public to trade there, a customer visiting the establishment in response to such invitation is entitled to protection from the tortious mistreatment or misconduct of the employees of the person conducting such business. This protection is required of a corporation as well as a natural person. The fact that such misconduct or mistreatment by the employees contains elements of slander does not relieve the corporation of its duty to protect the invitee, although no recovery can prevail against it for slander, which may be simultaneously involved." *Southern Grocery Stores* v. *Keys,* 70 *Ga. App.* 473 (2) (28 S. E. 2d 581). See also *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712); *Lemaster* v. *Millers,* 33 *Ga. App.* 451 (126 S. E. 875); *Hazelrigs* v. *High Co.,* 49 *Ga. App.* 866 (176 S. E. 814); *Sims* v. *Miller's, Inc.,* 50 *Ga. App.* 640 (179 S. E. 423); *Colonial Stores, Inc.* v. *Coker,* 74 *Ga. App.* 264 (39 S. E. 2d 429); *Simpson* v. *Jacobs Pharmacy Co.,* 76 *Ga. App.* 232 (45 S. E. 2d 678).

(b)   The contention of the defendants Alfred Mansour and Nasor Mansour, Jr.,·that they were not liable for the acts of their partners is without merit.  "A partnership in the conduct of its business is a legal entity both as to its rights and in the performance of its duties to the public and to its employees, and is a legal entity as to its obligations.  Partners are, in respect to the business in which they are engaged, agents of each other, and therefore one partner might be liable for the tortious acts of another *done in the usual course of business of the firm."* *Zakas Bakery* v. *Lipes*, 27 *Ga. App.* 712, 715 (109· S. E. 537). "We think the proper construction of section 75-308 is that partners are not responsible for the torts of each other merely by reason of their relation as partners, and that in order for such liability to exist the wrong must have been committed within the legitimate scope of the partnership business." *Rogers* v. *Carmichael*, 184 *Ga.* 496, 504 (192 S. E. 39).

Even if the court had stricken, on special demurrer, the allegations relating to the unlawful detention, which we will consider below, the petition would still have stated a good cause of action based on the acts of slanderous accusations.

2.   Special demurrers 3, 4, 5, and 6 are clearly without merit.

3.   Special demurrer 7 attacks that part of paragraph 11 of the petition which alleges "that such conduct on the part of the defendant, George Mansour, made a public spectacle of the plaintiff, upon the ground that the· allegation constitutes a conclusion of the pleader and is prejudicial."  This demurrer is without merit.  Webster's New International Dictionary, 2d ed., defines "Spectacle" as being a "show, sight, exhibition"; something "unusual and notable."  We think that from the facts and circumstances alleged, the word "spectacle" describes the position in which the plaintiff was placed.

4.   Special demurrer 13 to that portion of paragraph 15 which alleged "by innuendo, defendant, George Mansour, called plaintiff a common thief, a shoplifter and accused her of committing the criminal offense of larceny" upon the ground that such allegation constituted a conclusion of the pleader and was prejudicial is without merit.  The conclusion is inescapable that the statements made by George Mansour to the plaintiff as alleged in paragraph 15 amounted to an accusation that the plaintiff

was a thief and guilty of the offense of larceny. For the same reason, special demurrers 18 and 20 are without merit. *Colonial Stores, Inc.* v. *Coker*, 74 *Ga. App.* 264 (1a) supra.

5. Special demurrer 17 attacks the use of the word "Inquisition" in paragraphs 16 and 17. The demurrer is without merit. Webster's New International Dictionary, Second Edition, defines "Inquisition" as being "an act or instance of inquiring." The word is further defined as meaning "inquiry; search; examination; investigation."

6. Special demurrer 21, which attacks that portion of paragraph 18 which alleges "plaintiff has in no way been guilty of the acts charged and imputed to her," on the ground that the plaintiff fails to allege what acts were charged and imputed to her, is without merit as it is quite clear that she was charged by George Mansour with being guilty of the act of larceny.

7. Special demurrer 22 is without merit. The allegation in paragraph 19 "that said acts were committed by defendant George Mansour, one of the partners, as agent of said partnership, while acting within the scope of the partnership business and in furtherance of said partnership business, and for the common interest of all said partners" is a sufficient allegation as to scope of employment or agency. *Southern Grocery Stores* v. *Keys*, 70 *Ga. App.* 473, supra.

8. The writer does not agree with the majority opinion of the court as to the disposition of grounds 8, 9, 10, 11, 12, 14, 15, 16, and 19 of the special demurrer to the petition. The majority opinion contained in the succeeding divisions is in the language of Quillian, J.

9. Special ground 8 attacks the allegation that the servant of the defendant partnership did a particular act while "acting under the orders of a member of the partnership." The objection to the allegation was that the terms and context of the orders were not set forth. The petition fully related the circumstances under which the orders were given the servant. It was not necessary to set forth the exact language in which the orders were couched. In *Atlantic Company* v. *Taylor*, 80 *Ga. App.* 25, 30 (54 S. E. 2d 910) it is held: "The court did not err in overruling the general or special demurrers to the first count of the petition. The allegations are sufficient to allege that the plaintiff was an

invitee on the truck, engaged in an undertaking of mutual benefit to him and the defendant. The allegation, that 'said Anderson had authority to permit and allow plaintiff to assist in the operation of the truck,' is not a conclusion but is an allegation of an ultimate fact. It was not necessary to allege the evidence by which the allegation would be proved. The same ruling applies to the allegation that Anderson 'was acting within the scope of his employment in inviting, permitting, and allowing the plaintiff to assist in the operation of the truck, and in the loading and unloading of the truck,'" would be sought to be proved. That the allegation was sufficiently explicit appears from the holdings in *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642, 645 (118 S. E. 791).

10. Grounds 9, 10, 11, 12, 14, 15, 16, and 19 of the special demurrer attack allegations of the petition that the plaintiff was deprived of her liberty, because there was no averment that she made any physical effort to escape from a stock room into which she was led by a member of the defendant partnership and an employee of the defendant under the partner's directions.

The petition alleges that one of the partners of the defendant partnership, and an employee of the partnership, summoned by the partner led the plaintiff from the part of the store she had voluntarily entered, through another department and into a stock room at the end of the building; that "a door was" the only exit from the stock room; that the employee acting under orders given him by the partner "stood in the exit, blocking and guarding said exit with his body, so as to prevent plaintiff from leaving." Upon these averments was predicated the further averment that the plaintiff was restrained of her liberty.

In *Sinclair Refining Co.* v. *Meek,* 62 *Ga. App.* 850, 854 (10 S. E. 2d 76) it is held: "We now come to the question raised in the main bill of exceptions by the defendant corporation, whether the judge erred in overruling the general demurrer to count 1 of the petition. The action in this count is for 'malicious trespass and false imprisonment.' 25 C. J. 545, § 11, declares that 'The restraint constituting a false imprisonment may arise out of words, acts, gestures or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person

threatened, and result in a reasonable fear of personal difficulty or personal injuries.' Our Supreme Court in *Westberry v. Clanton,* 136 *Ga.* 795 (72 S. E. 238) held: 'False imprisonment at common law, and elsewhere, consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty (3 Bl. Com. 127; 12 Am. & Eng. Enc. Law, 721; 19 Cyc. 319; Civil Code (1910), § 4447, which is a codification of the common law), and furnishes a right of action for damages to the person so detained." The grounds of demurrer referred to are without merit.

The court did not err in overruling the general demurrer and special demurrers.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, Quillian and Nichols, JJ., concur. Felton, C. J., dissents from divisions 9 and 10 of the opinion.*

FELTON, C. J., dissenting. I concur in all of the rulings except that I dissent from the judgment of affirmance and in the rulings on special demurrers 8, 9, 10, 11, 12, 14, 15, 16 and 19 which demurrers are as follows: "8. Defendant demurs specially to paragraph 13 of said petition wherein plaintiff alleges . . . and the said J. B. Bowles acting under the orders of defendant, George Mansour . . . upon the grounds that plaintiff fails to set forth the terms or context of such orders, if any, and when the same were given by said defendant to the said J. B. Bowles. 9. Defendant demurs specially to paragraph 13 of said petition wherein plaintiff alleges that said exit was blocked so as to prevent plaintiff from leaving upon the grounds that plaintiff fails to allege that she, at any time pertinent hereto, tried, attempted or sought to leave and was prevented by the actions of this defendant from so doing. 10. Defendant demurs specially to paragraph 14 of said petition upon the ground that said paragraph fails to allege how and in what manner she was detained and restrained. 11. Defendant demurs specially to paragraph 14 of said petition upon the ground that plaintiff in said paragraph fails to allege how the defendant, George Mansour, held plaintiff in his custody. 12. Defendant demurs specially to paragraphs 14 and 15 of said petition wherein plaintiff alleged that she was unlawfully detained upon the ground that such allegation constitutes a conclusion of the pleader and

is prejudicial to this defendant and should be stricken from the petition. 14. Defendant demurs specially to paragraph 16 of said petition wherein plaintiff alleges that 'she was illegally detained' upon the ground that the same constitutes a conclusion of the pleader and should be stricken from the petition. 15. Defendant demurs specially to paragraph 16 of said petition wherein plaintiff alleges that 'the defendant's employee, J. B. Bowles, was in their immediate presence guarding and blocking the only exit from the stock room' in that plaintiff fails to allege how near or how far said employee was from the plaintiff and in what manner said employee was guarding and blocking said exit and how said employee manifested such guarding and blocking to plaintiff. 16. Defendant demurs specially to paragraph 16 of said petition wherein plaintiff alleges 'where plaintiff was confined' upon the ground that plaintiff fails to allege how and in what manner she was confined, whether she ever at any time attempted to leave and was prevented from so doing and if so, by whom and in what manner she was prevented from leaving. 19. Defendant demurs specially to paragraph 17 of said petition wherein plaintiff alleges 'that upon her release from said stock room' upon the ground that plaintiff fails to allege that she was being held against her will, by whom she was being held, in what manner she was being held, that she attempted to leave and was prevented from doing so and by whom and in what manner she was prevented from leaving and by whom and in what manner she was released."

The defendant is entitled to the information called for in each of these special demurrers, without which the allegations attacked are conclusions of the pleader. None of the authorities cited by the majority in support of its rulings on these demurrers supports the rulings, in my opinion.