40698. ZAYRE OF ATLANTA, INC. v. SHARPTON.

DECIDED OCTOBER 16, 1964—REHEARING DENIED NOVEMBER 4, 1964.

588

Greene, Neely, Buckley & DeRieux, James H. Moore, for plaintiff in error.

Charlie Franco, James H. Weeks, contra.

BELL, Presiding Judge. It is recognized as a basis for a cause of action in this State when an invitee on the premises of another for the purpose of transacting business is made the brunt of opprobrious, insulting and abusive words by a clerk employed to deal with the customer-invitee and which tend to humiliate, mortify, and wound the feelings of the customer. *Lemaster v. Millers*, 33 Ga. App. 451 (126 SE 875); *Hazelrigs v. J. M. High Co.*, 49 Ga. App. 866 (176 SE 814); *Sims v. Miller's, Inc.*, 50 Ga. App. 640 (179 SE 423); *Southern Grocery Stores, Inc. v. Keys*, 70 Ga. App. 473 (28 SE2d 581); *Colonial Stores, Inc. v. Coker*, 74 Ga. App. 264 (39 SE2d 429); and *Mansour v. Mobley*, 96 Ga. App. 812 (101 SE2d 786).

This type of cause of action was first approved clearly and emphatically by the Supreme Court in the case of *Cole v. At-*

*lanta & West Point R. Co.,* 102 Ga. 474 (31 SE 107). Although the invitor in that case was a railroad company under the duty to exercise extraordinary care toward its invitees, the principle is applicable to invitors of all kinds of business establishments including those where the standard of care required is only ordinary care. It was so expressly held in *Moone v. Smith,* 6 Ga. App. 649 (2) (65 SE 712).

One of the early opinions appearing in our appellate court reports permitting the cause of action against a mercantile establishment is *Lemaster v. Millers,* 33 Ga. App. 451, supra, which cites as its authority both the *Cole* and the *Moone* cases. It is important to note that the Supreme Court has given at least its tacit approval to the interpretation of the *Cole* case as announced and followed in *Moone* through its denial of certiorari in the *Lemaster* case which followed and cited as its only precedents both *Cole* and *Moone.* See p. 829, 33 Ga. App. Reports.[1] It is thus to be seen that the basic authority for the action is founded on the holdings by the Supreme Court in *Cole.*

Since *Cole, Moone* and *Lemaster* there have been a welter of cases many of which in varying degrees have added confusion to the simple cause by jumbling it with other types of actions such as those founded on assault, assault and battery, and slander. Simply based though it is solely on the invitee relationship, there are even those cases which would allow the action, erroneously we think, to extend to those plaintiffs who stand beyond the bounds of that position. *Colonial Stores, Inc. v. Sasser,* 79 Ga. App. 604, 607 (54 SE2d 719). Not only that but the cause has been blithely described in *Southern Grocery Stores, Inc. v. Keys,* 70 Ga. App. 473, supra, as an action for "tortious misconduct" which term has been perpetuated by cases such as *Colonial Stores, Inc. v. Coker,* 74 Ga. App. 264, supra, until today there are those of bench and bar who refer to this action by the title of "tortious misconduct" without regard to the fact that that generous term must apply to every act which consti-

---

[1]The Supreme Court also denied certiorari in *Sims v. Millers, Inc.,* see 50 Ga. App. 902; *Colonial Stores v. Coker,* see 74 Ga. App. 893; and *Mansour v. Mobley,* see 96 Ga. App. 901.

tutes a tort, whatever the act or wherever it occurs, or whoever or whatever is involved.

The theory upon which this type action is predicated as explained in *Cole* is that the business invitor owes a public duty which it has not fulfilled to protect its business invitees from abusive language which amounts to slander. It is not based on the theory that the invitor is the perpetrator of the wrongful act of commission nor that the affront done is imputable to it under the maxim respondeat superior or otherwise. Liability rests solely on the invitor's breach of its public duty. Thus where an invitor's servant is the actual wrongdoer, the invitor cannot escape liability by having delegated its duty to a servant proving unworthy of the trust, for then the company is liable for the act of omission in properly performing its duty.

It appears that the rule was formulated by the Supreme Court and followed and extended with alacrity by this court in order to except business invitees from the seemingly harsh rule that "A corporation is not liable for damages resulting from speaking false, malicious, and defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of his agency, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak the words in question. *Behre v. National Cash Register Co.*, 100 Ga. 213 [27 SE 986, 62 ASR 320]." *Southern R. Co. v. Chambers*, 126 Ga. 404, 408 (55 SE 37, 7 LRA (NS) 926).

Through this exception business invitees by virtue of their relationship are accorded a remedy against the invitor for the latter's breach of its duty in failing to accord the invitee on its premises immunity from opprobrious, insulting and abusive words from its agents and servants employed to deal with the customer-invitees. The breach of this duty occurs the instant those types of words expressing slanderous statements which tend to humilitate, mortify, and wound the feelings of the customer are uttered by the company's agents or servants and the liability arises by the company's act of omission to fulfill its duty.

The petition in this case asserts charges which under sufficient proof would present jury issues on this type cause of action.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur specially.*

JORDAN, Judge, concurring specially. I concur in the judgment but not in all that is said in the opinion, especially that language critical of the reasoning and result reached in *Colonial Stores, Inc. v. Sasser,* 79 Ga. App. 604 (54 SE2d 719). See my special concurrence in *Greenfield v. Colonial Stores, Inc.,* 110 Ga. App. 572, 576.

EBERHARDT, Judge, concurring specially. As I see it we have conflicting lines of decisions dealing with the situation presented in this case.

As Judge Bell points out in the opinion, the conduct of the agent of the corporate defendant in speaking the abusive language gives rise to a cause of action against the employer only when the language "amounts to slander."

I cannot reconcile the allowing of this action with the line of cases beginning with *Behre v. National Cash Register Co.,* 100 Ga. 213 (27 SE 986) in which it was held that "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." And see *Ozborn v. Woolworth,* 106 Ga. 459 (32 SE 581); *Southern R. Co. v. Chambers,* 126 Ga. 404 (55 SE 37); *Jackson v. Atlantic C. L. R. Co.,* 8 Ga. App. 495 (69 SE 919); *Headley v. Maxwell Motor Sales Corp.,* 25 Ga. App. 26 (1) (102 SE 374); *Russell v. Dailey's, Inc.,* 58 Ga. App. 641 (1) (199 SE 665); *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850 (10 SE2d 76); *Southern Grocery Stores, Inc. v. Keys,* 70 Ga. App. 473 (1) (28 SE2d 581); *Cochran v. Sears, Roebuck & Co.,* 72 Ga. App. 458 (34 SE2d 296); *Woolf v. Colonial Stores, Inc.,* 76 Ga. App. 565 (46 SE2d 620) and *McKown v. Great A. & P. Tea Co.,* 99 Ga. App. 120 (1) (107 SE2d 883).

There is, however, another line of decisions beginning with *Cole v. Atlanta & West Point R. Co.,* 102 Ga. 474 (31 SE 107), reviewed in Judge Bell's opinion, under which the action is allowable.

There is no substantial difference in the factual situations presented in the two lines of cases. I can see no difference in the duty of the corporate employer, and there should be no difference in the result. The second line of cases appears to be a strained device to circumvent the first. There is no logical basis for holding the corporate employer liable in one but not in the other. In doing so we simply engage in "double talk." An honest approach would result in either an overruling of the cases affording corporate immunity in these situations (which is probably preferable) or an overruling of those which by the evasive device impose liability.

But both lines stem from decisions of the Supreme Court. If the overruling is to be done, only that court can do it, and until they do we must continue the march wearing the two faces of Janus.

I am authorized to say that Presiding Judge Bell and Judge Jordan concur in this statement relative to the conflicting positions of the two lines of cases and agree that this is an area in which we need some direction, guidance and help from the Supreme Court.