41743.  HERRING v. PEPSI COLA BOTTLING
COMPANY et al.

SUBMITTED JANUARY 11, 1966—DECIDED MAY 16, 1966.

682

*Preston L. Holland,* for appellant.

*Long, Weinberg & Ansley, Ben Weinberg, Jr., Gregg Loomis,* for appellees.

BELL, Presiding Judge. ■ The record in this case discloses that certain depositions filed in the office of the clerk of the superior court were not introduced as evidence in the hearing upon defendant's motion for summary judgment. Not having been offered, obviously these depositions were not in evidence in the summary judgment hearing and cannot now be made a part of the record on appeal. Plaintiff's motion asking this court to complete the record by ordering the depositions transmitted to this court is denied.

■ Where there is no genuine issue as to a material fact, a summary judgment may be granted upon the pleadings alone. *Dillard v. Brannan,* 217 Ga. 179 (3) (121 SE2d 768); *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137, 139 (126 SE2d 545); *Mingledorff v. Bell,* 107 Ga. App. 685 (1) (131 SE2d 118); 6 Moore, Federal Practice (2d Ed.) p. 2144, § 56.11 [1—1]; p. 2151, § 56.11 [2]. In the Federal courts the motion for summary judgment under these circumstances is the functional equivalent of a motion for judgment on the pleadings under Rule 12 (c) F.R.C.P., 28 U.S.C. (Dyal v. Union Bag-Camp Paper Corp., 263 F2d 387, 397), and may properly be treated as attacking a complaint for failure to state a claim upon which relief can be granted. Dunn v. J. P. Stevens & Co., 192 F2d 854, 855; Reynolds v. Needle, 132 F2d 161. Where plaintiff's petition does not state a cause of action, a defendant's answer denying or neither admitting nor denying its allegations does

not create any genuine issue of *material* fact. In that status under Georgia practice, a general demurrer of the defendant would be sustained and plaintiff's petition dismissed. A motion for summary judgment under these circumstances reaches the same result. In the absence of evidence presenting a material issue, a summary judgment for defendant is authorized where the trial court properly could have sustained a general demurrer to the plaintiff's petition.

■ Plaintiff contends that this suit is not one for slander, but is an action for "tortious misconduct," citing *Colonial Stores v. Coker,* 77 Ga. App. 227, 230 (48 SE2d 150). See *Zayre of Atlanta v. Sharpton,* 110 Ga. App. 587, 588 (139 SE2d 339), where this court held that one has a cause of action in this State when as an invitee on the premises of the invitor for the purpose of transacting business he is made the brunt of opprobrious, insulting and abusive words by the invitor's agent employed to deal with the invitee and which tend to humiliate, mortify, and wound the feelings of the invitee. *Lemaster v. Millers,* 33 Ga. App. 451 (126 SE 875); *Hazelrigs v. J. M. High Co.,* 49 Ga. App. 866 (176 SE 814); *Sims v. Miller's, Inc.,* 50 Ga. App. 640 (179 SE 423); *Southern Grocery Stores v. Keys,* 70 Ga. App. 473 (28 SE2d 581); *Colonial Stores v. Coker,* 74 Ga. App. 264 (39 SE2d 429); and *Mansour v. Mobley,* 96 Ga. App. 812 (101 SE2d 786). As pointed out in *Zayre,* supra, at p. 589, the action for "tortious misconduct," so-called, "is based solely on the invitee relationship." See *Greenfield v. Colonial Stores,* 110 Ga. App. 572, 574 (139 SE2d 403). Cf. *Schwartz v. Nunnally Co.,* 60 Ga. App. 858 (5 SE2d 91); *Colonial Stores v. Sasser,* 79 Ga. App. 604, 607 (54 SE2d 719); and see Judge Jordan's special concurrence in *Greenfield,* supra, at p. 576. In the absence of the invitee relationship, "A corporation is not liable for damages resulting from speaking false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of his agency, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak the words in question. *Behre v. National Cash Register Co.,* 100 Ga. 213 [27 SE 986]." *Southern R. Co. v. Chambers,* 126 Ga. 404, 408 (55 SE 37).

Note also the special concurrence of Judge Eberhardt in *Zayre,* p. 591, and cases cited by him. Plaintiff's petition negated the existence of facts essential to a cause of action grounded upon "tortious misconduct," and stated no cause of action upon this theory. Moreover, "in the absence of special damages, mere billingsgate, insult, and contemptuous language are not sufficient *alone* to state a cause of action"; mere oral abuse, without more, is not actionable in Georgia. *Barry v. Baugh,* 111 Ga. App. 813, 815 (2) (143 SE2d 489). The petition failed to state a cause of action upon any theory against any of the defendants.

The trial court did not err in granting summary judgment for defendants.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*