62392. SWIFT v. S. S. KRESGE COMPANY, INC.

QUILLIAN, Chief Judge.

The plaintiff (appellant) brought a multi-count complaint against the defendant corporation (appellee). The plaintiff sought to recover damages in tort arising out of an incident in which the plaintiff was charged with shoplifting and then subsequently acquitted. The plaintiff's motion for new trial was denied and an appeal to this court followed in which the plaintiff urges two enumerations of error. *Held:*

1. Plaintiff introduced an affidavit by a juror which attempted to show the existence of mental and physical conditions which impaired his deliberations. The trial judge properly declined to grant a new trial on this basis.

As was stated succinctly in *Wellbeloved v. Wellbeloved,* 209 Ga. 709 (4) (75 SE2d 424), "It is settled beyond all possibility of dispute that a juror will not be heard to impeach his verdict. Code § 110-109; *Williams v. State,* 206 Ga. 757 (58 SE2d 810) . . ." Accord, *Bissell v. State,* 153 Ga. App. 564, 567 (3) (266 SE2d 238) wherein it was held: "Code Ann. § 110-109 provides: 'The affidavits of jurors may be taken

to sustain but not to impeach their verdict.' As a matter of public policy, a juror cannot be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause."

2. The complaint alleges that at the time the plaintiff was apprehended by employees of the defendant she was called a thief and a shoplifter. It is urged that since the defendant corporation assumed the affirmative defense of justification under Code Ann. § 105-1005 (Ga. L. 1958, p. 693) and Code § 105-1801 these allegations were admitted and thus as a matter of law the plaintiff was entitled to recover for slander.

The plaintiff's argument is not sustainable. As a corporation the defendant "is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre v. National Cash Register Co.,* 100 Ga. 213 (1) (27 SE 986). Accord, *Garren v. Southland Corp.,* 237 Ga. 484 (228 SE2d 870); *Ga. Power Co. v. Busbin,* 242 Ga. 612 (4) (250 SE2d 442). There being not an iota of evidence that the defendant corporation directed or authorized its employees or agents to impugn plaintiff's integrity or cast aspersions thereon, recovery for slander would not lie.

The basis, if any, for the plaintiff to recover would be under the exception to the *Behre* rule, the inelegantly and inexactly termed "action for tortious misconduct." See *Zayre of Atlanta v. Sharpton,* 110 Ga. App. 587, 589 (139 SE2d 339) which criticizes the language usage but wholeheartedly adopts the principle. Accord, *Moone v. Smith,* 6 Ga. App. 649 (1) (65 SE 712); *LeMaster v. Millers,* 33 Ga. App. 451 (1) (126 SE 875); *Hazelrigs v. High Co.,* 49 Ga. App. 866 (176 SE 814); *Sims v. Miller's Inc.,* 50 Ga. App. 640 (179 SE 423); *Southern Grocery Stores v. Keys,* 70 Ga. App. 473 (28 SE2d 581); *Colonial Stores v. Coker,* 74 Ga. App. 264 (39 SE2d 429). However, as these cases and others laboriously explain the plaintiff's cause rests not on slander but on the theory that a business inviter owes a public duty to protect its invitees from abusive language and conduct. As was pointed out in *Southern Grocery Stores v. Keys,* 70 Ga. App. 473, 477, supra, "The misconduct may involve elements of slander, but the gist of the right of recovery is not based on slander, but is based on the right of the invitee to be protected from any tortious misconduct on the part of the corporation from its agents and employees acting within the scope of their duties and about their master's business."

The plaintiff's argument that the defendant could not avail

itself of the protection of the "Shoplifter's Act" (Code Ann. § 105-1005) under the circumstances here has already been determined adversely to such contention. In *Tomblin v. S. S. Kresge,* 132 Ga. App. 212, 214, (207 SE2d 693) this court held: "By Ga. L. 1958, p. 693 (Code Ann. § 105-1005) the General Assembly provided a reasonable course of conduct which a merchant may follow in affording protection to his displayed merchandise without incurring an unreasonable exposure to tort liability in doing so. In *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170 (169 SE2d 735) we held that a suit brought for 'tortious misconduct' which relied upon the same elements for affixing liability as would be done in an action for false arrest, false imprisonment or assault and battery does not proscribe the application of what has generally been called the 'Shoplifter's Act,' found in Code Ann. § 105-1005, and that the merchant and his agents are nevertheless protected against liability if their conduct springs from a reasonable belief that the party detained or arrested was engaged in shoplifting in his store. And see *Turner v. Bogle,* 115 Ga. App. 710 (155 SE2d 667); *Dixon v. S. S. Kresge, Inc.,* 119 Ga. App. 776 (169 SE2d 189); *Godwin v. Gibson Products Co. of Albany,* 121 Ga. App. 59 (172 SE2d 467). Applying the same principle we conclude that if words spoken by the merchant or his agents in the course of the arrest or the detention may appear to cast some reflection against the detainee in that they may indicate a belief or an assertion that the detainee has engaged in shoplifting, these too are covered by the Shoplifter's Act and no liability can be affixed for the making of such statements or assertions under the theory of tortious misconduct if there was basis for a reasonable belief that the detainee was in fact engaged in shoplifting in the store. What a thing is called in pleadings is not controlling — it is what it is in fact and in substance."

Since the evidence did not require a finding that there was no basis for a reasonable belief that the plaintiff was engaged in shoplifting, the trial judge did not err in denying the motion for new trial.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*Roy L. Allen II, Willyerd R. Collier,* for appellant.
*Charles B. Mikell, Jr., William T. Daniel, Darlene Y. Ross,* for appellee.